Hiram BURNS et al., Appellants,

v.

Ray BREWSTER, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1960.

Luker & Luker, Charles R. Luker, Jr., Milton J. Luker, London, for appellants.

Neville Smith, Manchester, for appellee.

STANLEY, Commissioner.

Ray Brewster sued Hiram Burns and Orville Burns in the Clay Circuit Court for

damages to an automobile caused by a collision with a small truck owned by Hiram and driven by his son Orville Burns. The defendants answered and counterclaimed for damages to the truck and for Orville's personal injuries. The defendants were represented by Luker and Luker, attorneys living in London, Laurel County.

An order was entered on April 2, 1959, setting this and other cases for trial on the 8th day of the ensuing May term, which was May 12. The order shows that it was made on Rule Day. The defendants' attorneys were not present, being in Louisville attending a meeting of the State Bar Association. A few days before the trial the defendant Hiram Burns was told by a neighbor that his case had been set for trial. Upon inquiry, this was confirmed by the clerk, who told Burns that the attorneys had the papers. Burns assumed that his lawyers had been notified. But they did not know the case had been docketed.

When the case was called on May 12, Hiram Burns told the court his lawyers had not come. He undertook to reach their offices by telephone that morning but could get no answer. When this was reported to the Judge, he told the defendants that the case would be tried and they should get another lawyer. They spoke to Mr. Burchell, a local attorney then present, about representing them, but he declined because he knew nothing about the case. The court, however, asked Mr. Burchell to represent the defendants, telling him he would see that he "got a fee." The attorney responded that he hesitated to enter the trial because he knew nothing about the case. But the court then proceeded to impanel the jury and the trial proceeded, Mr. Burchell examining the witnesses. The foregoing, disclosed as a ground for a new trial, supported by affidavits, is not controverted.

About two o'clock that afternoon C. R. Luker, one of the defendants' attorneys, received word that the case was being tried, and he immediately went to Manchester. When he arrived, the court was preparing the instructions. Mr. Luker moved the court to "set aside the swearing of the jury" and grant the defendants a new trial because the attorneys had had no notice and the case had not been prepared for trial. He reported that his brother, Milton Luker, as Commonwealth's Attorney, was engaged in a trial in Knox County, and that he, C. R. Luker, had appointments that required his presence in London that day. The motion was overruled. A verdict for the plaintiff for $692.85 was returned.

The defendants' motion for a new trial assigned the above grounds and, in addition, stated that one of the important witnesses, namely, a state highway patrolman, had not been summoned. Another ground was that the Clay Circuit Court had not properly established a Rule Day. It is shown that an order had been entered in the *Jackson* Circuit Court setting Rule Days for the three courts in the Forty-First Judicial District and that the first *Tuesday* in each month was assigned to the Clay Circuit Court.

The response to the motion for a new trial was that an order had been entered fixing *Thursday* of each month as Rule Day in the Clay Circuit Court and that Messrs. Luker knew about it. (The order is not in this record.) It is further stated that Roy Tooms, a London lawyer, was present when this and other cases were set for trial and "according to information of the plaintiffs [he] had made arrangements" to take note of the steps taken in cases in which other London lawyers were concerned and advise them thereof. Mr. Tooms did not advise these attorneys that their case had been set for trial.

■ Civil Rule 40 (prior to amendment effective June 1, 1960) required the circuit courts to "provide by rule for the placing of actions upon the trial calendar." This is a method devised to "insure some form of notice to the parties of the time when trials will be held." Clay, CR 40, Comment 2. It is not pretended here that the Clay Circuit Court had ever adopted such a rule.

▉ The appellee relies upon constructive notice to the defendants' attorneys by reason of a fixed monthly Motion or Rule Day, as above described. CR 78 provides that "each circuit court shall establish by rule regular motion days as required by statute, and a copy of the rule shall be certified to the Court of Appeals as provided in Rule 83." The statute, KRS 23.125, is more definitive. CR 83 authorizes the several courts to make and amend rules governing the practice and directs that a copy thereof be certified to the Chief Justice of the Court of Appeals. It further provides, "In all cases not provided for by rule, the circuit courts may regulate their practice in any manner not inconsistent with these rules." The purpose of requiring certification to the Court of Appeals is "to make available at one place the local rules of the various circuit courts for the benefit of the bar of Kentucky." Clay, CR 83, Comment. It appears that there was no certification of the order of the Jackson Circuit Court fixing Rule Day in the several courts of the district, but the judge of the district by letter advised the Administrator of this court that Rule Days (more properly Motion Days) had been set for the courts of his district and that that for Clay County was the "first Tuesday of each month." It is noted, as above indicated, that April 2, 1959, when the order setting the instant case for trial was entered, was *Thursday*.

▉ It is one of the elementary essentials of judicial proceedings that notice of a hearing or trial be given or received by the parties. There can be no disagreement that every litigant is entitled to a fair hearing when he is brought in to court, unless for good cause he loses that right. True, it is a familiar rule that parties litigant, once in court, either for themselves or through their attorneys, must keep track of their cases and take notice of the time of trial when the date has been fixed according to rules. Of course, if they have actual and seasonable notice thereof, they may be estopped from raising omission of a strict compliance with the rules. On the other hand, there may be circumstances justifying a party to reasonably conclude that his action will not be tried on the day fixed. In such a case it is an abuse of judicial discretion not to continue the case. Plumbers Supply Company v. Lanter, 280 Ky. 523, 133 S.W.2d 739. We have held that a party is not bound by orders entered at times other than as fixed by a procedural rule or statute, for otherwise a party would have no security except through perpetual attendance upon court. Associated Electric Co. v. Fitch, 312 Ky. 328, 227 S.W.2d 432.

The indefiniteness of the Rules 40 and 83, prior to amendment in 1960, has sometimes caused confusion or trouble, like in the present case; but the underlying purpose was that parties should be given notice. The amendment of Rule 40, effective June 1, 1960, reads, "No case shall be assigned for trial without giving reasonable notice to all parties not in default of the day on which a trial date will be fixed." The amendment is designed to prevent such a situation as arose in the present case.

▉ We are of opinion that under the circumstances, when it was made known to the court that the attorneys for the defendants had had no previous notice of the date of trial, the court should have set aside the order of submission and passed the case to such time as the attorneys would have had time to prepare for the trial. The relief, of course, could have been granted by sustaining the motion for a new trial.

We do not consider other grounds for reversal. The motion for an appeal is sustained, and the judgment is

Reversed.