John **LEDFORD** et al., Appellants,

v.

Levi **OSBORNE**, Administrator of the Estate of Rufus Osborne, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 27, 1961.

J. W. Knippenberg, Lexington, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

No appearance for appellees.

MOREMEN, Judge.

This is an appeal from a judgment of the Leslie Circuit Court in the amount of $10,-000 in favor of Levi Osborne, administrator, and against John and Luther Ledford. The trial was held on July 14, 1959, and appellants contend they were given no notice that the case would be assigned for trial, no notice of the date it was to be tried and no subsequent notice that the case had been tried.

On February 4, 1957, appellees filed suit to recover damages for the death of Rufus Osborne resulting from a collision between an automobile in which he was riding as a passenger and an automobile owned by Luther Ledford and driven by John Ledford.

After service of summons appellants filed their joint answer denying that they were negligent and asserting affirmatively contributory negligence of the driver of the automobile in which decedent was riding. The answer was contained in a cross complaint of appellants against said driver.

The entire record has been certified to us on this appeal.

The first notation we find in the record about trial assignment is a minute under the caption of the case which reads: "This case continued to July 1959." It is not signed by the circuit judge.

The next order which was signed by the circuit judge and entered on July 7, 1959, reads: "It is ordered that this case be passed to July 14, 1959." Upon this date in the absence of appellants or counsel, the case was tried before a jury and a verdict returned. On July 15, a judgment was entered on the verdict.

On July 29, 1959, counsel for appellants upon proper notice to opposing counsel moved the court for an order vacating and setting aside the judgment, and for an order setting the case for a day certain for trial. In support of the motion he filed an affidavit which may be summarized simply by saying that he had never received any of the notices mentioned above. The circuit court overruled the motion and in a memorandum stated that it was the practice of that court to call all civil cases at the regular motion day preceding each term of court at which time actions were placed upon the trial calendar without request from the parties. The court said:

"The case was assigned for trial at the March, 1959, term of this court and was ordered continued because defendants and their counsel failed to appear. The case was again assigned for trial on July 7, 1959, and was passed to July 14, 1959, because of the fact that neither the defendants nor their counsel appeared. When the case was called on July 14th., the plaintiff announced ready as he had on the two previous occasions, and it was then ordered that the case proceed to trial in the absence of the defendants and their counsel."

It may be noted that the court made no finding that appellants had received notice of the original assignment or any subsequent ones. CR 40—since amended, but as it existed in 1959—reads:

"The circuit courts shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties or (2) upon request of a party and notice to the other parties or (3) in such other manner as the courts deem expedient. Precedence shall be given to actions entitled thereto by any statute of Kentucky."

Under the old code and before the enactment of the Civil Rules, the service of summons, the filing of pleadings and the commencement of a term of court determined when an action should stand for trial or be assigned to a day for trial. The above quoted rule was a departure from that practice because under the new rules it was impossible to determine in each instance when the issues might be joined. Some method other than an automatic assignment on a rule day had to be found. As pointed out in Clay on Practice and Procedure, page 373: "The Rule leaves the matter to the discretion of the circuit courts. It does no more than suggest a method by which cases may be placed upon the trial calendar. However, a local rule is required."

Under CR 83, rules adopted by circuit courts must be certified to the Chief Justice of the Court of Appeals. The purpose of this rule is to make available to the Kentucky Bar the local rules in various circuit courts. The only rule which has been certified by the Leslie Circuit Court reads: "Rule day, Leslie Circuit Court, Hyden, Kentucky, shall be on the first Wednesday of each month commencing at the hour of 9 a. m., Central Standard Time." It is apparent that the above rule merely fixes a rule day, but does not fulfill the mandate of CR 40 of fixing definite means by which a case may be placed upon the trial calendar so that proper notice may be had by all parties.

■ By an amendment which became effective June 1, 1960, CR 40 now reads: "No case shall be assigned for trial without giving reasonable notice to all parties not in default of the day on which a trial date will be fixed." It is no longer necessary for the circuit courts to formulate rules for placing actions on the trial calendar because the amended rule is general in its terms and applies everywhere. As stated in the 1960 Supplement to Clay on Kentucky Practice:

"The Rule simply recognizes a principle inherent in all procedure that steps in a lawsuit which might prove prejudicial to a party should not be taken without notice to such party. Consequently, the burden will be upon the court, or a litigant wishing his case assigned for trial, to make sure that a party who might possibly object to a trial date be advised of the time when that case will be assigned."

We believe it is readily apparent that a major attempt was made in the formulation of our Kentucky Civil Rules to prevent any step in a case being taken without notice to the opposing party.

However, the failure of some circuit courts to enact rules providing for adequate notice to the parties before a case was set for trial required the amendment which we have quoted above.

■ The Leslie Circuit Court had not formulated a definite rule for the assignment of cases for trial and that failure has resulted in the injustice caused in this case.

We are convinced under the facts of this case that the court should have granted the motion to set aside the judgment and grant a new trial. The judgment is therefore reversed for that purpose.

Judgment reversed.