Taylor WALKER, Appellant,

v.

Ruby E. BENCINI, Administratrix of the Estate of James Thomas Bencini, Dec'd, Appellee.

Court of Appeals of Kentucky.

Dec. 6, 1963.

Rehearing Denied Feb. 7, 1964.

 

Roberts & Parham, Mayfield, for appellant.

James H. Warren, Fulton, H. W. Roberts, Jr., Clinton, for appellee.

CULLEN, Commissioner.

Ruby E. Bencini, administratrix of the estate of James Thomas Bencini, deceased, recovered judgment against Taylor Walker in the amount of $37,861 as damages for the wrongful death of the decedent from murder committed by Walker. We have an appeal by Walker from the judgment.

A criminal charge of murder was pending against Walker when the civil action was brought. The attorney who had been employed by Walker to defend the criminal proceedings filed an answer for him in the civil action, but at that time no agreement had been reached between Walker and the attorney as to the terms on which the attorney would represent Walker in the civil action, and no such agreement ever was reached.

On May 18, 1960, after the civil action had been pending for several months, the attorney filed in the circuit court, in the civil action, a notice stating that he and Walker had been unable to come to an agreement concerning his employment in the civil action and that he was withdrawing as attorney for Walker. A copy of this notice was mailed to Walker and received by him on May 19.

On the same day that the above notice was filed (May 18) the attorneys for the plaintiff in the civil action caused to be served on Walker, by the sheriff, a notice that on May 19 they would enter a motion that the action be set for trial on May 25. Walker did not appear at the hearing of the motion on May 19, at which time the court set the case for trial on May 25. Walker did not appear at the trial, either in person or by counsel, and the trial proceeded in his absence, resulting in verdict and judgment for the plaintiff.

Several days after judgment Walker employed new counsel, and they filed a motion for new trial which was overruled.

Walker's first contention on this appeal is that he was not given adequate or reasonable notice of the motion to set the case for trial and therefore he should have been granted a new trial.

Walker was entitled to reasonable notice of the hearing on the motion to set a trial date (despite the fact that the 1960 amendment to CR 40, expressly requiring such notice, was not yet in effect at the time here involved). See Burns v. Brewster, Ky., 338 S.W.2d 908; Ledford v. Osborne, Ky., 350 S.W.2d 641. But for the reasons hereinafter stated we think he is not entitled to complain of a lack of reasonable notice.

Since no substantial time for preparation was required to resist the motion to set the case for trial, and since there was nothing in the way of physical circumstances to prevent Walker from making arrangements to be present at the hearing, we think the one-day notice given him can be considered reasonable. In Clay, CR 40, Comment 3, it is suggested that in some circumstances a few minutes' notice of hearing on such a motion would be sufficient. It is true that Walker did not have counsel when he received the notice, but this was due to his own failure to arrange for counsel during the period of several months the case had been pending. It also is true that he did not receive written notice of the withdrawal of his tentative counsel until the day of the hearing on the motion to set a trial date, but it is reasonably clear that he had prior knowledge that his tentative counsel would not continue to represent him without a definite employment agree-

ment, and it appears that the formal notice of withdrawal was merely documentation of a fact that Walker already knew.

■ The notice of motion stated that the case would be asked to be set for trial on May 25. In our opinion this adequately put Walker on notice that the case probably would be tried on that date. With such notice it was incumbent upon him to make a timely objection. See Clay, CR 40, Comment 3; Burns v. Brewster, Ky., 338 S.W. 2d 908. There was a period of seven days during which he could have interposed objections, in person or by counsel employed by him, to the holding of the trial on the designated date. Instead he chose simply to ignore the entire proceedings until after the trial had been held and judgment entered against him.

■ The purpose of a requirement of reasonable notice of proposed steps in a lawsuit is to give the parties opportunity to present their objections to steps that might prejudice them. Clay, CR 40, Comment 3. In the instant case the prejudice, if any, resulted from the *holding* of the trial and not from the mere setting of the trial date. Walker had ample time, after the date was fixed and before the trial was held, in which to appear and make objection to the trial date. Not having done so, he must be considered to have waived any objection to the reasonableness of the notice of the motion to fix the trial date.

■ A second contention is that the evidence was not sufficient to sustain the verdict. However, since Walker did not appear at the trial and make a motion for a directed verdict he is not entitled to assert that ground. Claspell v. Brown, Ky., 332 S.W.2d 851.

■ The contention is made that incompetent and irrelevant evidence was admitted on the trial, of a highly prejudicial nature. Again, Walker is not entitled to complain of the evidence because he did not appear at the trial and make objections to the evidence.

■ The motion for a new trial was based in part on alleged newly discovered evidence. However, most of the evidence relied upon was known to Walker before the trial, and as to the rest there was no showing of diligence in attempting to discover it before trial.

The unfavorable situation in which Walker finds himself is attributable to the attitude of indifference which he chose to display toward the lawsuit against him.

The judgment is affirmed.