**Jack WHARTON et al., Appellants,**

v.

**Mattie Hays COLE, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1964.

Don B. Mills, Barbourville, Glenn W. Denham, Middlesboro, for appellants.

Charles G. Cole, Jr., Cole & Cole, Barbourville, for appellee.

MONTGOMERY, Judge.

Jack Wharton and the City of Barbourville appeal from a judgment in favor of Mattie Hays Cole by which they are permanently enjoined from doing certain acts. Appellants question the authority of the court to render a judgment without notice of the hearing and without giving them an opportunity to be heard.

On August 17, 1961, appellee sued to enjoin appellants from doing certain acts in connection with property on the floodwall constructed at Barbourville. The rights of the parties under a deed of easement are involved. A restraining order was issued upon the filing of the complaint. On September 5, 1961, appellants answered and asserted an affirmative defense. The case remained in this status until judgment was entered on June 4, 1963.

Appellants contend that the court had no authority to render a judgment in the absence of notice of the hearing to appellants. Appellee does not contest the lack of notice, but she seeks to justify or excuse it.

CR 40 provides:

"No case shall be assigned for trial without giving reasonable notice to all parties not in default of the day on which a trial date will be fixed."

It is an elementary essential of a judicial proceeding that notice of a hearing shall be given an adverse party. This principle is inherent. The burden is upon the court, or a litigant wishing his case assigned for a hearing or trial, to make sure that a party who might possibly object is notified. Clay, CR 40, Comment 3. Burns v. Brewster, Ky., 338 S.W.2d 908; Ledford v. Osborne, Ky., 350 S.W.2d 641. The entry of the judgment herein without notice of a hearing was in error.

Neither KRS 23.150 nor CR 6.03(2), cited by appellee, justifies the action taken. The argument made by appellee that the error in granting the judgment was harmless is frivolous. It is unnecessary to discuss the second contention urged by appellants.

Judgment reversed.