**Helen CRABTREE, Appellant,**

**v.**

**William Franklin GUTHRIE, Appellee.**

Court of Appeals of Kentucky.

July 1, 1966.

C. B. Upton, Williamsburg, for appellant.

Robert H. Helton, Jr., Brown, Tooms & Helton, London, for appellee.

WILLIAMS, Judge.

Appellant Helen Crabtree brought this action in the Laurel Circuit Court seeking to recover damages for personal injuries sustained by her as the result of an automobile collision between the car which she was driving and a truck driven by appellee William Franklin Guthrie. Appellee counterclaimed for damage resulting to his truck.

A jury returned a verdict finding both parties negligent. This is an appeal from the judgment entered upon that verdict.

The accident occurred when appellant was attempting to pass appellee's truck. Appellant's version is that she had been following the truck at about 30 to 35 miles per hour. At the place she attempted to pass the road was straight for a distance of about a mile and no traffic was coming from the other direction. There was an intersecting road leading off to the left, but appellee gave no signal of an intention to turn left into that road. Appellant activated her turn signal light, pulled out into the left lane, blew her horn and started around the truck. When she got even with the truck she noticed it was angling to the left, so she steered further left, blew her horn a second time and put her car into passing gear. Her car got slightly ahead of the truck before appellee turned to the left against appellant's car, forcing it off the left side of the road over an embankment.

Appellee's version is that he gave a signal of his intention to turn left by extending his left hand out straight from the side of the truck for a distance of 200 feet or more before he started to turn. He applied the brakes on his truck to slow it down as he prepared to turn left and appellant did not sound her horn at all.

Appellee, his wife and another lady were riding in the cab of the truck. Riding in the bed of the truck with their backs to the cab were four other persons. It appears that all of the people in the truck were going to London for the purpose of picking up government commodities.

The driver of another truck which was behind appellant's car was a witness to the collision. He testified, "I think I heard a horn blow." Some of the passengers in appellee's truck testified that they did not hear a horn blow. Others testified that appellant did not sound the horn.

Appellant argues that, under the facts of the case, she had a right to pass the truck at that particular place, and had taken all the necessary precautions before attempting to pass. She says the complete burden was upon appellee not to make a left turn until it could be done with reasonable safety, and the fact there was a collision indicates he failed in this duty and that his negligence was the sole cause of the accident. She argues that the verdict of the jury finding her guilty of negligence is so flagrantly and palpably against the evidence that it should be set aside. She also argues that the jury was carried away by sympathy for the appellee who was on his way to get government commodities.

■ We can find no basis for the allegation that the jury decided against appellant out of sympathy for appellee. Nor do we believe the finding of the jury that appellant was guilty of negligence is flagrantly and palpably against the evidence. The evidence was conflicting as to whether appellee gave the required signal of his intention to turn left, and it was conflicting as to whether appellant sounded her horn before attempting to pass and kept a proper lookout. Faced with such conflicting testimony, the jury could logically decide that both parties were negligent.

■ In addition, the record does not disclose that appellant made a motion for a directed verdict. In Claspell v. Brown, Ky., 332 S.W.2d 851 (1960), and Walker v. Bencini, Ky., 374 S.W.2d 368 (1964), we held that a party waives the insufficiency of his adversary's evidence when he fails to challenge it by motion for a peremptory instruction.

The judgment is affirmed.