Jerry JOHNSON, Appellant,

v.

Willie T. McALLISTER and Andy Weisenberger, Appellees.

Court of Appeals of Kentucky.

June 19, 1970.

James J. Varellas, and Charles V. Collins, Lexington, for appellant.

Thomas K. Shuff, E. Durward Weldon, Georgetown, for appellees.

CULLEN, Commissioner.

Willie T. McAllister, while in charge of a poolroom, became engaged in an altercation with an unruly patron, during the course of which a pistol in McAllister's hand discharged and the bullet, ricocheting from the slate top of a pool table, struck Jerry Johnson, another patron, severing a nerve in his arm. Johnson subsequently brought suit against McAllister and against Andy Weisenberger, the latter being alleged to be a partner with McAllister in the ownership and operation of the poolroom. The defendants maintained they were not partners; that McAllister was the sole proprietor of the room as lessee of Weisenberger, who owned the building in which the room was located. The jury made an award of damages of $5,005 against McAllister only, finding that Weisenberger was not a partner. Johnson has appealed as against both defendants. His primary contentions are of error in the determination of the issue of partnership on which he seeks a reversal as against the appellee Weisenberger. He also claims error in the refusal of the court to instruct on permanent injury, on which he seeks a reversal as to both appellees but which of course would not by itself warrant a reversal as to Weisenberger since the jury found no liability on his part.

We shall first discuss the partnership issue.

The accident occurred on December 26, 1966. Weisenberger and McAllister both admitted that for a number of years they had operated the poolroom as partners. However, their testimony was that on December 30, 1965, they terminated the partnership; McAllister bought Weisenberger's half-interest in their stock of merchandise; and they entered into an agreement pursuant to which McAllister leased the room from Weisenberger for $150 per month, and Weisenberger agreed to keep the books of the business and to work in the room an hour each day. Their testimony was that the latter arrangement continued all through 1966 and for the first three months of 1967, after which McAllister sold out to Weisenberger and the latter took over the business as sole proprietor. Over objections, Weisenberger was allowed to introduce (1) a lease document dated December 30, 1965, bearing his and McAllister's signatures; (2) a "receipt" signed by Weisenberger, dated December 30, 1965, acknowledging the payment of $500 by McAllister for Weisenberger's share of the stock of merchandise, and reciting Weisenberger's agreement to keep the books and to work one hour each day; (3) twelve monthly receipts signed by Weisenberger for rent payments by McAllister, the last of which receipts was dated December 8, 1966; (4) Weisenberger's and McAllister's separate income tax returns of 1966 (which were prepared in 1967), showing the payment of rent by McAllister and the receipt of it by Weisenberger.

To support his claim that there was a partnership at the time of the accident, Johnson introduced witnesses who testified that they saw no difference in the operation of the poolroom, and Weisenberger's participation in its operation, in 1966, from that of previous years; that Weisenberger worked around the tables, worked the cash register, cashed checks, operated the safe, and brought food, cigarettes, soft drinks, etc. Johnson also produced evidence that the electric, water and gas bills continued to be carried in Weisenberger's name and

he paid them; Weisenberger signed the application for the 1966 city occupational license tax for the poolroom and paid the license fee; and that the state sales tax permit for the poolroom for 1966 was in the names of both McAllister and Weisenberger and the latter signed all of the monthly sales tax returns for 1966 except the one for December.

The defendants undertook to rebut the plaintiff's evidence by pointing to their claimed agreement that Weisenberger would work in the poolroom an hour each day and would keep the books; by evidence that the utility services extended to the upper floors of Weisenberger's building and were on single meters, wherefore the entire bill was charged to Weisenberger and he in turn was paid the poolroom's proportional share by McAllister; and by evidence that the city occupational license in 1966 was issued in the name of "Buck's Place" ("Buck's" being McAllister's nickname) whereas in former years it had been in the name of "Andy's Place" ("Andy" being Weisenberger's nickname).

Johnson's initial argument is that the lease document, the receipt for purchase of Weisenberger's share of the stock of merchandise (which also recited Weisenberger's agreement to work an hour each day and to keep the books), the monthly rent receipts, and the income tax returns, all constituted *self-serving* declarations by Weisenberger and therefore should not have been admitted in evidence. In our opinion the argument is not valid. As concerns all of the items except the income tax returns, they bore dates preceding the date of the accident and therefore purported to have been executed at a time when there was no probable motive for falsification. Johnson concedes that a statement made at a time when there existed no motive to misrepresent is not inadmissible as a self-serving declaration. See 29 Am.Jur.2d, Evidence, sec. 622, p. 676. The fact that the dates on the items were correct was testified to by McAllister. Although McAllister may be suspected of having joined with Weisen-

berger in fabricating the various documents, the fact remains that there is nothing in the record to make those documents self-serving as to McAllister. Nothing about them is shown to serve his interests in this lawsuit. So his testimony to the effect that the statements which the documents make were made at the times indicated thereon, which were before Weisenberger's motive to misrepresent arose, is sufficient to make the documents admissible.

We do not wish to be understood as holding that there *must* be *independent* proof of the verity of the date, on a document bearing a date preceding the arising of a motive for falsification, in order to invoke the indicated exception to the rule against self-serving declarations. What we are holding is that where, as in the instant case, the only reason that could exist for holding inapplicable the exception to the rule would be that the date the document bears is not true, independent evidence of the truth of the date, by a person other than the one who made the statement evidenced by the document, surely is enough to remove the objection.

As concerns McAllister's 1966 income tax return, it of course was not subject to the bar against self-serving statements because as to McAllister it was not self-serving and as to Weisenberger it was not his statement. As concerns Weisenberger's 1966 income tax return we think that the compulsions that existed at the time it was made, to make it truthful (such as the fear of criminal prosecution for a false return), were calculated to give the return enough trustworthiness to take it out of the prohibition against admission of self-serving statements. See McCormick on Evidence, 1954 Edition, Ch. 30, Sec. 275, p. 588.

Johnson's second contention is that even if the evidence above discussed was properly admitted, the verdict should have been set aside as being contrary to the evidence. Johnson is not entitled to raise that issue because he did not move for a directed

# 566

verdict on the issue of existence of a partnership. See Claspell v. Brown, Ky., 332 S.W.2d 851; Walker v. Bencini, Ky., 374 S.W.2d 368.

 Johnson's final contention, that the trial court erred in refusing to instruct on permanent injury, becomes moot as to appellee Weisenberger, in view of our upholding of the finding that there was no partnership. Appellee McAllister has not filed a brief. As to him we are invoking Clause (2) of Paragraph (c) of RCA 1.260 and reversing the judgment with directions for a new trial on the issue of damages only.

The judgment as to appellee Weisenberger is affirmed; as to appellee McAllister it is reversed for further proceedings in conformity with this opinion.

All concur.