**Robert G. WILEY, Appellant,**

v.

**Linda ADKINS, and Additional Appellees as Named on a List Notice of Appeal, Appellees.**

No. 1999–SC–0985–DG.

Supreme Court of Kentucky.

June 14, 2001.

---

7. RCr 9.24.

John David Preston, Perry, Preston & Miller, Paintsville, Counsel for Appellant.

Debra Hembree Lambert, Mt. Vernon, Joseph R. Lane, Pillersdorf, DeRossett & Barrett, Ned Barry Pillersdorf, Pillersdorf, DeRossett & Barrett, Prestonsburg, David H. Steele, Mt. Vernon, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals affirming a judgment of the Knox Circuit Court awarding $2,188,950 in damages in a class action lawsuit for alleged fraud in the operation of a proprietary business school.

The questions presented are whether the trial judge erred in maintaining this action as a class action and instructing the jury as to all plaintiffs as the members of one class; whether the trial judge erred in requiring Wiley to proceed to trial on the issue of liability when the order of the court stated that the case would be tried only as to the codefendant and when Wiley allegedly had insufficient notice of the trial date to be able to prepare; and whether the trial judge erred in failing to grant a directed verdict and in instructing the jury on damages; and whether the trial judge properly instructed the jury on punitive damages.

Wiley was the proprietor of Excel College, an incorporated business school in Corbin. In 1990, a group of former students brought a civil action alleging that Wiley and the college had defrauded them. At the trial of the case, there was an indication that there were 308 such students and a list prepared by Wiley indicates that there may have been at one time or another as many as 378 students. The plaintiffs amended their complaint to add Huntington Federal Savings and Loan Association as a defendant, claiming that it had made federally insured student loans to a majority of the plaintiffs while knowing that Wiley was committing fraud.

In 1992, Wiley's attorneys were permitted to withdraw and he did not retain new counsel, but moved to Texas and opened another school, neglecting to inform anyone of his new address. Although Wiley could not be found, the case continued against the bank. Over the objection of the bank, the trial court certified the case as a class action. In August of 1997, the trial judge entered an order scheduling trial for November 17, 1997. On October 22, the judge entered an order stating that the November 17th trial would be bifurcated and that the first phase would address the liability of the bank and the second phase, if required, would consider the issues of individual reliance by the plaintiffs and damages.

None of these orders were received by Wiley because his whereabouts were unknown. However, four days before trial, Wiley filed a pro se motion for continuance, asserting that he did not receive proper notice and that he was not represented by counsel. The trial judge denied the continuance and proceeded to trial without Wiley. On the second day of trial, the bank settled the claims against it for $323,000. The trial judge then entered a default judgment in favor of the plaintiffs on the issue of Wiley's liability and scheduled trial for the remaining issue of dam-

ages for March of 1998. At the damages portion of the trial, Wiley was present and represented by counsel. The jury awarded $1,188,950 in compensatory damages and one million dollars in punitive damages. The Court of Appeals affirmed and this Court granted discretionary review.

## I.   Lack of Notice

■■■   The trial judge erred in requiring Wiley to proceed to trial on the issue of liability when the order of the trial court specifically stated that the case would be tried as to the bank only. Further, Wiley had insufficient notice of the trial date to allow him to be able to prepare for trial in this rather complex matter. It is fundamental that notice of trial be given or received by the parties. *See Wharton v. Cole*, Ky., 374 S.W.2d 498 (1964); *Burns v. Brewster*, Ky., 338 S.W.2d 908 (1960). Certainly, Wiley did not receive seasonable notice which was reasonable or appropriate to the complex nature of the case.

Here, no notice of any proceeding in this case was given to Wiley since 1992 when his former attorneys withdrew. Wiley was not found in default at that time and was clearly entitled to be given notice of all proceedings. *Combs v. Griffith*, Ky., 429 S.W.2d 849 (1968), indicates that when the defendants are not in default and the case is set for trial without notice, CR 40 is violated and the defendants are entitled to a new trial.

CR 40 clearly states:

No case shall be assigned for trial without giving reasonable notice to all parties not in default of the day on which a trial date will be fixed.

In this instance, the order of the trial judge specifically precluded a trial against Wiley because it indicated the matters to be tried on November 17, 1997, would only be the issue of the liability of Huntington Federal Savings & Loan Association.

Obviously, Wiley was unable to obtain counsel and filed his own motion and affidavit for continuance in which he stated that he had learned of the trial date only by accident from an attorney for the savings and loan association. He indicated that he had received no notice of any proceedings of the trial order and was unable to find an attorney to represent him in such a complex action in the week or two between the time he learned of the trial date and the time of trial. Although this case had been pending for some time, there was not ample time for an adequate defense after Wiley received notice and before the trial was conducted. Wiley did not waive any objection to the reasonableness of the notice of the motion to fix the time for trial because he had no opportunity to do so.

CR 5.02 provides in pertinent part that service shall be made on a party by delivering a copy to him or by mailing it to his last known address or, if no address is known, by leaving it with the Clerk of Court. There was no attempt to serve Wiley with notice of the motion for trial by any of the methods authorized by the Rule. Here, Wiley received insufficient notice of trial, and it was error to proceed to trial against him on the date scheduled. Thus, it was error to enter a default judgment against him.

In view of the decision to reverse and remand because of insufficient notice to Wiley, we find it unnecessary to decide the other issues raised. However, in order to avoid repetitious argument, we have reached certain conclusions arising from this litigation. Those observations follow.

## II.   Class Action

■■   Initially, it must be observed that the argument by Wiley about the class action certification is not properly pre-

served for appellate review because Wiley did not make a timely objection to the class certification. Upon retrial, Wiley may choose to challenge the class designation. Thus, we address the merits of this issue.

CR 23.01(b) requires that there must be questions of law or fact common to the class, but it does not require that all questions of law or fact be common. In addition, CR 23.02(c) requires that the questions of law or fact that are common to the members of the class predominate over the questions which affect individual members. As each member of the class was a former student of the college who claimed to have been the victim of fraud, we agree with the Court of Appeals that the trial judge did not err by maintaining this case as a class action. It is not necessary that there be a complete identity of facts relating to all members as long as there is a common nucleus of operative facts.

### III. Amount of Damages

■ The trial judge acted correctly by instructing the jury on damages, because uncertainty as to the amount of damages does not prevent a jury from awarding damages.

■ Wiley testified that tuition at the school for a full year ranged from $4,500.00 to $5,400.00. The jury heard testimony from representatives of the class regarding the benefits or value they received from their education at the school. Where it is reasonably certain that damage has resulted, the mere uncertainty as to the amount does not preclude the right to recovery or to prevent a jury from awarding damages. *Cf. Roadway Express, Inc. v. Don Stohlman & Associates, Inc.,* Ky., 436 S.W.2d 63 (1968). We agree with the Court of Appeals that the uncertainty as to the exact amount does not prevent recovery of damages in this class action.

Appellants did not specifically object to the part that appellees did not prove the specific damage suffered by each individual member of the class. Because this case is being remanded for a new trial, we need not address this issue *sua sponte.*

### IV. Punitive Damage Instructions

■ It was not error for the trial judge to instruct the jury on punitive damages because this claim was based on the tort of fraud as distinguished from a breach of contract. Punitive damages are allowed where a party has been induced by fraud to enter a contract. *Hanson v. American National Bank & Trust Co.,* Ky., 865 S.W.2d 302 (1993). The trial judge correctly submitted the issue of punitive damages to the jury.

The decision of the Court of Appeals and that of the trial court is reversed as to questions relating to the sufficiency of notice given to Wiley. This matter is remanded to the trial court for a new trial as to Wiley.

COOPER, KELLER, WINTERSHEIMER, JJ., and Special Justice JAMES P. WILLETT, III, concur.

JOHNSTONE, J., dissents by filing a separate opinion concurring in part and dissenting in part in which GRAVES, J., and Special Justice GEORGE L. FLETCHER join.

LAMBERT, C.J. and STUMBO, J., did not sit.

JOHNSTONE, Justice, Concurring in Part and Dissenting in Part.

I respectfully dissent from that portion of the majority's Opinion that reverses for a new trial on the basis that Wiley did not have adequate notice of the trial date.

As the Court of Appeals noted, this case was actively litigated for years, and even

removed to federal court at one point in time before being returned to the Knox Circuit Court. Wiley had representation for some two years before his counsel withdrew. He then absented himself from the Commonwealth to relocate in Texas and operate another business school. He, of course, failed to inform the court or opposing counsel of his whereabouts, and efforts to locate Wiley proved to be unsuccessful.

Eventually, a trial date was scheduled for November 17, 1997. On November 13, four days before trial, Wiley made an unexpected appearance moving, *pro se*, for a continuance. Wiley was informed by the court that his motion to continue was denied, and that trial would proceed against him on November 17.

It is undisputed that Wiley failed to appear for trial on the issue of liability. In reversing, the majority relies on CR 40 which provides for reasonable notice to all parties not in default, and CR 5.02, which deals with, *inter alia*, service upon the clerk of the court when the address of a party is unknown.

I see little application in CR 5.02 as the party appeared in court. Further, CR 40 seems inapplicable as it is undisputed that Wiley had actual notice.

The majority cites *Burns v. Brewster*, Ky., 338 S.W.2d 908 (1960), as authority for the proposition that it is fundamental that notice of trial be given or received by the parties. The majority fails, however, to include the following language from *Burns*:

> True, it is a familiar rule that parties litigant, once in court, either for themselves or through their attorneys, must keep track of their cases and take notice of the time of trial when the date has been fixed according to rules. Of course, if they have actual and seasonable notice thereof, they may be estopped

from raising omission of a strict compliance with the rules.

*Burns,* 338 S.W.2d at 910.

I believe the above language is as true and logical today as it was forty-one years ago when our predecessor court put it to paper. Wiley appeared in court and the trial judge informed him of his trial date. He should now be estopped from raising omissions, if any, of strict compliance with the rules. To reverse the judgment of the jury and remand this case for a new trial is to reward Wiley for his admitted failure to keep track of his case and his willful and voluntary absence from his trial.

I would affirm the Court of Appeals in all respects.

GRAVES, J., and FLETCHER, S.J., join this dissenting opinion.