RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1310-ME

LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT                                        APPELLANT

v.                  APPEAL FROM JEFFERSON CIRCUIT COURT
                    HONORABLE OLU A. STEVENS, JUDGE
                    ACTION NO. 19-CI-005831

SAULETTE DAVIS, CLASS
REPRESENTATIVE                                                 APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE: Louisville/Jefferson County Metro Government (Metro)

appeals the Jefferson Circuit Court's July 6, 2020 findings of fact, conclusions of

law, and order certifying the American Federation of State, County and Municipal

Employees (AFSCME) as a class. After review, we reverse and remand with

instructions to dismiss.

# BACKGROUND

Kelvin Brown worked as a youth program worker for Metro Youth Detention Services, a subdivision of the Louisville Metro Department of Public Protection. While working in that position, Brown requested an accommodation under the Americans with Disabilities Act of 1990 and was offered a modified duty assignment with the Louisville Zoo until October 22, 2017.

During his time with the zoo, Metro advised Brown of vacant positions for which he qualified, but he chose not to accept the offer of alternative employment. Shortly before the expiration of Brown's accommodated work assignment at the zoo, he was hospitalized and requested medical leave.

Unfortunately, Brown exhausted all his available leave under the Family Medical Leave Act (FMLA); thus, Metro informed him that it was unable to grant him further leave and would need to terminate him. On November 5, 2017, Metro sent Brown a letter terminating his employment.

Throughout his employment, Brown was a member of the AFSCME, Local 2629 (Union), with nearly 800 members. The Union and Metro were parties to a collective bargaining agreement (CBA). The CBA provided for members of the Union to challenge any dismissal through a grievance procedure.

On Brown's behalf, the Union filed a grievance asking that Brown be "made whole." According to the CBA, Metro had 45 days to provide a

determination on the grievance – which it failed to do. Because of this, the Union advanced Brown's claims to arbitration and the parties agreed Metro did not timely respond, and Brown should be reinstated. This left the arbitrator to decide one issue: what, if any, recompense was Brown due to make him whole other than reinstatement? Ultimately, the arbitrator directed Metro to compensate Brown in back pay and retroactive health insurance benefits. Following arbitration, Brown was reinstated to his youth program worker position with no loss in seniority. However, after reviewing Brown's personnel and pay history, Metro informed Brown it had discovered it had overpaid Brown by 37.73 hours prior to his dismissal. Metro thus declined to pay Brown back pay and insurance benefits during the time prior to his reinstatement.

Metro's failure to pay Brown motivated the Union to file a complaint in circuit court seeking class certification of all of Metro's current and former nonsupervisory employees. Metro moved to dismiss the suit as a class action, and that motion was denied.

On June 25, 2020, the circuit court conducted a hearing to decide whether to certify the class. The circuit court granted the motion to certify the class defined in the complaint. This appeal followed.

## STANDARD OF REVIEW

Our standard of review of the circuit court's decision whether to certify a class is stated succinctly in *Hensley v. Haynes Trucking LLC*, 549 S.W.3d 430 (Ky. 2018):

> A trial court's determination as to class certification is reviewed on appeal for an abuse of discretion. Under an abuse-of-discretion standard, this Court may reverse a trial court's decision only if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the [trial] court's inherent power to manage and control pending litigation." Importantly, "As long as the [trial] court's reasoning stays within the parameters of [Kentucky Rules of Civil Procedure (CR)] 23's requirements for certification of a class, the [trial court's] decision will not be disturbed."

*Id.* at 444 (citations omitted). "[T]he only question that is before us is: Was the trial court's decision to certify the class in this case 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles?'" *Id.* at 445.

## ANALYSIS

On appeal, Metro argues the circuit court abused its discretion by: (1) failing to "probe beyond the pleadings"; (2) improperly certifying the class; (3) adopting the Union's proposed findings of fact, conclusions of law, and proposed order; and (4) because a class action suit is improper for unions. We will only address whether class certification was proper.

Because of the strict parameters of interlocutory appeals, the only question this Court may address today is whether the trial court properly certified the class to proceed as a class action lawsuit. We must focus our analysis on this limited issue and in so doing scrupulously respect the limitations of the crossover between (1) reviewing issues implicating the merits of the case that happen to affect the class-certification analysis and (2) limiting our review to the class-certification issue itself. Most importantly, "As the certification of class actions . . . is procedural, *such process cannot abridge, enlarge, or modify any substantive right of the parties.*" "The right of a litigant to employ the class-action mechanism . . . is a *procedural right only*, ancillary to the litigation of substantive claims."

*Id.* at 436-37 (citations omitted).

Metro argues the class should not be certified because it is neither numerous nor do the members have a common issue of law or fact. We choose to only address the issue of commonality.

Commonality is the requirement that questions of law or fact are common among the class members. The class members must "'have suffered the same injury[,]'" and the claims must depend on a common contention capable of class-wide resolution, "which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157, 102 S. Ct. 2364, 2370, 72 L. Ed. 2d 740 (1982)). What is

important to the commonality inquiry is not simply that common questions exist in the class, but "rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350, 131 S. Ct. at 2551 (citation omitted) (emphasis in original). "CR 23.01(b) requires that there must be questions of law or fact common to the class, but it does not require that all questions of law or fact be common." *Wiley v. Adkins*, 48 S.W.3d 20, 23 (Ky. 2001). Importantly, the questions common to the class members must "predominate over the questions which affect individual members." *Id.* Likewise, the circumstances among the class members need not be completely identical "as long as there is a common nucleus of operative facts." *Id.* "What is important to the inquiry is whether the defendant's conduct was common as to all of the class members." *Nebraska Alliance Realty Co. v. Brewer*, 529 S.W.3d 307, 312 (Ky. App. 2017) (internal quotation marks and citation omitted).

Here, the circuit court erroneously expresses the issue. It determined two questions arise in this litigation: (1) whether there is a valid and enforceable contract between the parties; and (2) whether Metro violated the CBA when it refused to honor the Arbitrator's Award by failing to make Brown whole. These are not the correct questions. In fact, Metro admits being a party to the contract in its answer. (Trial Record (TR) at 113.) The only relevant question is whether it

was proper for Metro to unilaterally offset the arbitrator's award – not whether there was a breach of the contract. This issue relates to Brown and only to Brown. It is not a class issue. There is nothing common to any other member in the Union and it was unnecessary and excessive to make this a class action. The arbitration award was solely for Brown. In fact, the proper case to be brought was to enforce the arbitration award. There was no question that required the entire Union to become involved on Brown's behalf. The issue lies between Brown and Metro.

The circuit court abused its discretion. The "common questions of law or fact" did not predominate over individual cases. In fact, there is no other individual case. The circuit court's expressions of concern are unfounded and even unreasonable. Failure to satisfy a CR 23.02 criterion is fatal to certification of a class in Brown's case.

## **CONCLUSION**

For the foregoing reasons, we reverse the Jefferson Circuit Court's class certification and remand the matter with instructions to dismiss the case.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael J. O'Connell
I. Joel Frockt
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

I. Joel Frockt
Louisville, Kentucky

BRIEF FOR APPELLEE:

David O'Brien Suetholz
Peter J. Jannace
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Peter J. Jannace
Louisville, Kentucky