52 P.(2d) 612

**FAIR v. MORROW et al.**
No. 4072.

Supreme Court of New Mexico.
Dec. 13, 1935.

John E. Hall, of Carrizozo, for appellants.

J. C. Gilbert and Claude J. Neis, both of Roswell, for appellee.

BRICE, Justice.

This is an appeal from that part of a judgment in a forcible entry and detainer action awarding damages for detention of real estate. No findings of fact or conclusions of law were made by the court or requested by either party.

█ 1. Appellants' first point is to the effect that the district court erred in hearing the cause without notice being given to appellants (defendants below). The judgment recites, "And the defendants appearing by their attorney, John E. Hall," from which it would seem they were represented at the hearing irrespective of notice. The transcript of evidence shows that Mr. Hall was present, objected to the introduction of testimony, and was permitted to cross-examine witnesses if he so desired. In fact, the court held defendants (appellants) were not in default, a question raised by appellee, and that the case was fully open for hearing. We do not find any requests for a continuance or postponement on account of appellants' absence. If their counsel thought it necessary for them to be present, he should have so apprised the court. There is no merit in this contention.

██ 2. Points were made that the court erred in admission of certain testimony tending to prove rental value of the lease. This testimony was admissible; but, assuming that such testimony was erroneously admitted, it may be questioned whether such objection could avail anything in this court. We do not review the testimony except to determine whether findings of fact are supported by substantial evidence, or requested findings should have been made. Should we strike this particular evidence from the record, might there not remain substantial evidence to support the general finding which we could not determine because no requests were made for findings of fact and conclusions of law, and none were made by the court?

"The case was tried without a jury. No specific findings of fact or conclusions of law were made by the court and none were requested by either of the parties. This state of the record does not invoke a review of the evidence." Harris & Mal-

donado v. Sperry, 35 N.M. 52, 290 P. 1022.

3. The appellants made several points of the proposition that the court failed to follow the correct rule in determining the amount of damage, in that it was found in the justice court, and approved to that extent, that the rental value was $41.75 per month based upon a rental contract; that the district court found that the subsequent rental value of the land was $150 a month, making a discrepancy between its rental value up until the date of the justice of the peace judgment, and its rental value thereafter, of $108.25 per month. We are unable to say that this is error. The statute (Comp.St. 1929, § 54-118) provides: "The damages assessed shall be the actual value of the rents due up to the rendition of judgment by the justice of the peace, and double the value of all rents accrued, after the rendition of judgment by the justice of the peace, and up to the rendition of judgment in the district court."

In the district court the trial is de novo, and if that court erred in adopting the rental value as found by the justice of the peace it did not injure appellants if such value was actually more. We are unable to determine which, if either, is correct, as the question is not properly presented here.

The question whether the judgment is supported by substantial evidence is not reviewable in the absence of findings of fact or requests for findings and exceptions. Winston v. Allison, 36 N.M. 120,

9 P.(2d) 384, 385. With reference to the right of this court to review a judgment entered similarly to this, the court stated: "She cannot complain of the judgment dismissing her complaint upon the ground that the judgment is not sustained by substantial evidence, because none of the evidence offered by her was admissible in support of her complaint, and because, even if it had been relevant, she is not in a position to review any conclusion made by the trial court because she requested no findings of fact and none were made by the court."

Also, see Alexander Hamilton Institute v. Smith, 35 N.M. 30, 289 P. 596.

It follows that the judgment of the district court should be affirmed, and it is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.