76 P.2d 937

**PORTER et al. v. MESILLA VALLEY COT-TON PRODUCTS CO. et al.**

No. 4269.

Supreme Court of New Mexico.
Dec. 10, 1937.

Rehearing Denied March 7, 1938.

W. C. Whatley and Edwin Mechem, both of Las Cruces, for appellant.

Holt & Holt, of Las Cruces, for appellees.

BRICE, Justice.

This is a stockholders' suit, brought by the appellees (minority stockholders) in behalf of the Mesilla Valley Cotton Products Company, a corporation, for an accounting against J. B. Wray, its president and active manager. Wray alone answered. While the suit was pending in the district court, Wray died, and the El Paso National Bank, the executor of his last will and testament, was substituted for him as defendant. From a judgment in favor of the corporation and against the defendant, defendant has appealed.

J. B. Wray will be styled "Wray"; the appellees Porter and Heid, "plaintiffs"; the Mesilla Valley Cotton Products Company, "the corporation"; and the El Paso National Bank, executor, etc, "defendant."

The material findings of fact made by the court, supplemented by admissions in the pleadings, are in substance as follows:

The defendant Mesilla Valley Cotton Products Company is a corporation organized under the laws of New Mexico for the purpose of ginning cotton. The plaintiffs were stockholders, and Wray a stockholder, president, and active manager of the corporation. In the month of December, 1925, Wray purchased in the name of the corporation and the corporation paid for, a carload of farm implements at a cost of $4,607.40, the freight on which was $663.35. Wray undertook to sell these implements in behalf of the corporation; and for such purpose retained the implements in his own custody and possession, and sold or disposed of certain of them. On July 31, 1926, there was on hand and undisposed of in implements $4,132.92. Wray failed to account to the corporation for said implements or the proceeds thereof, save and except the sum of $381. In 1926 the corporation sold its gins and proceeded toward winding up its business with a view to dissolution, and has not otherwise been in business since.

Plaintiffs were the owners of more than one-tenth of the capital stock of the corporation; they never called a stockholders' meeting for the purpose of directing suit to be brought by the corporation against Wray, nor made any demand upon the corporation or upon its officers to bring such suit, nor did the corporation refuse to file one. Plaintiffs were directors of the defendant corporation.

The court entered judgment against defendant, executor and for the corporation, for $3,761.92.

These findings of fact are not questioned by any of the parties, and are binding on this court.

■ The conditions precedent, upon which stockholders are authorized to sue in behalf of a corporation, are stated in the leading case of Hawes v. Contra Costa Water Co., 104 U.S. 450, 461, 26 L.Ed. 827, as follows: "Before the shareholder is permitted in his own name, to institute and conduct a litigation which usually belongs to the corporation, he should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it."

■ The plaintiffs were burdened with proving the facts authorizing them to sue, or failing this, then that a resort thereto would have been futile. Not only is there no finding that demand was made for corporate action, but the court finds the contrary; and the futility of such demand does not appear in the findings.

■ It is true that plaintiffs were not required to attempt redress through the corporation or directors before taking court action, if it would have been vain and futile to do so. The cases so hold.

"A request or demand upon the directors or majority of the stockholders to bring suit or take other steps to obtain relief need not be made by a stockholder before suing in his own behalf, if the circumstances are such as to clearly show that it would be a mere useless form. No such request or demand is necessary, therefore, as a general rule, where the wrong or ultra vires act complained of was done or is threatened by a majority of the stockholders, or by the defendant directors with the consent or approval of a majority of the stockholders, or by defendant officers who own a majority of the stock or who otherwise have control and are hostile or adverse in interest to plaintiff's demands. * * *" 6 Fletcher Cyclopedia of Corporations, § 4070.

■ If there had been nothing more in the findings than the facts we have stated, the appellees were not authorized to sue in behalf of the corporation, under the rule quoted from the Hawes Case, supra; but among the findings of fact is the following: "7. That plaintiffs had exhausted every reasonable means open to them of obtaining an accounting from said defendant Wray before instituting this suit, and that they had likewise resorted to all reasonable means open to them as stockholders to obtain corporate action for the redress of the grievances alleged by them to have been caused by the said actions of defendant Wray."

If this is a finding of ultimate facts, as contemplated by section 105-813 N.M. Comp.St.1929, then it may be inferred that the failure to call upon the corporation through its officers and directors for action against Wray, was because of the futility of so doing. But this is a conclusion of fact, or of fact and law, and not a finding of those ultimate facts from which such a conclusion may be drawn.

The statute in question provides that "the court shall find the facts and give its conclusions of law pertinent to the case." It was construed in Luna v. Cerrillos Coal R. Co., 16 N.M. 71, 113 P. 831, 834, an action in ejectment. The district court made such general conclusions of fact as we have here; and in passing thereon it was stated that the majority of courts held such findings sufficient; but disapproving the rule, the Territorial Supreme Court stated: "That such a statute with such a meaning is essential in the review of a cause by the appellate court, is well illustrated by the case at bar. The findings made amount to no more by way of information to this court than would a verdict of not guilty, if the case had gone to a jury. We should have to search through the record of upwards of 400 pages, to determine whether it contains anything which will support the judgment of the district court, and, having done that, we should still be in the dark as to whether what we might conclude to be the determining facts are those which the trial court treated as such; or, in other words, whether we are reviewing the findings of fact really made by the trial court, or substituting others made by ourselves. In effect, the findings made are conclusions of law from facts which must have been found by the trial court in order to reach the conclusions announced, but which are not disclosed."

This case was cited with approval in Merrick v. Deering et al., 30 N.M. 431, 236 P. 735, 738, in which the same question was before the court. The nature of the findings contemplated by the statute was stated by Justice Watson, speaking for the court, as follows:

"Counsel for appellees cite Fraser v. Bank, 18 N.M. 340, 137 P. 592, to the point that it is only the ultimate, as distinguished from the evidentiary, facts as to which findings are required. It is argued that there is no limit to the extent to which findings may be carried if, upon the request of any party, the court must find specifically as to every evidentiary fact about which inquiry has been made. It is contended, also, that in this case the ultimate fact to be found was the amount of a reasonable compensation for the services rendered.

"As we understand the New Mexico doctrine, as expounded in the cases cited, the purpose of the statute is that this court, in the review of cases tried without a jury, may be able to traverse the same ground as the lower court, reaching not a conclusion of its own, but a determination as to whether that of the trial court is justified in fact and in law. To that end the trial court must state in writing the facts upon

which it bases its conclusion. We may then determine on appeal whether there is substantial evidence to support the findings of fact and whether the facts so found support the conclusion. * * *

"For such purpose, it is apparent that it is the ultimate facts, rather than the evidentiary facts, which should be so found. It is equally apparent that a finding upon the very issue in the cause is not, in a case like this, a finding of ultimate fact, but a conclusion. Such a finding can only be reviewed by search of the whole record."

■ Appellees were required to specifically plead and prove that they had made demand upon the directors and proper officers of the corporation for corporate action; or having failed to do so, then to plead and prove that such demand would have been vain and futile. Hawes v. Contra Costa Water Co., supra.

■ These are ultimate facts; and the conclusion made by the court as finding No. 7 will not supply these findings, in view of the contrary finding to the effect that no demand had been made. It is like a finding of negligence in place of the facts upon which the court can conclude that there was negligence. It was stated in McKay v. Gesford, 163 Cal. 243, 124 P. 1016, 1017, 41 L.R.A. (N.S.) 303, Ann.Cas. 1913E, 1253: "All of the above quotations are from the findings, and by finding 20 quoted in extenso it will be seen that the court there makes its ultimate finding of fact from the probative facts previously

found. It is, of course, well settled that a general and ultimate finding such as that declared in finding 20 which is drawn as a conclusion from facts previously found, cannot stand if the specific facts upon which it is based do not support it."

In holding such findings, conclusions of law, or conclusions of law and fact, it was stated in Bogardus v. Commissioner of Internal Revenue (U.S.) 58 S.Ct. 61, 64, 82 L.Ed. 32: "This, as we recently have pointed out, is 'a conclusion of law or at least a determination of a mixed question of law and fact. It is to be distinguished from the findings of primary, evidentiary or circumstantial facts. It is subject to judicial review and, on such review, the court may substitute its judgment for that of the Board.' * * * Helvering v. Rankin, 295 U.S. 123, 131 [55 S.Ct. 732, 736, 79 L.Ed. 1343]. * * * If the conclusion of the Board be regarded as a determination of a mixed question of law and fact, it has, as we shall presently show, no support in the primary and evidentiary facts. The ultimate determination, therefore, should be overturned, under the doctrine of Helvering v. Rankin, supra, as a matter of law."

Also see Hadfield v. Tracy, 101 Conn. 118, 125 A. 199, 34 A.L.R. 581.

The district court having found that no demand was made upon the directors or officers of the corporation to bring the suit, and that the corporation had not refused to bring it, its conclusions, as stated in finding No. 7, are not only without

foundation in the findings of ultimate fact, but are borne down by a specific finding which, in the absence of one (with reasons stated) to the effect that a demand upon the corporation would have been futile, is conclusive against plaintiffs' right to sue in behalf of the corporation.

We do not decide whether under any circumstances it is a condition precedent to such suit that it is necessary a demand be made for action by the stockholder. See Continental Securities Company v. Belmont, 206 N.Y. 7, 99 N.E. 138, 51 L.R.A. (N.S.) 112, Ann.Cas.1914A, 777.

The cause will be reversed and remanded, with instructions to the district court that it be dismissed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.

On Motion for Rehearing.

BRICE, Justice.

It is unnecessary to determine whether the complaint supplemented by the evidence states a cause of action; a question raised by demurrer, both in the district court and in this court; because the findings of the court contradict the court's conclusions and judgment.

The Supreme Court of the United States stated in Hawes v. Contra Costa Water Co., 104 U.S. 450, 460, 14 Otto 450, 26 L.Ed. 827: "But, in addition to the ex-istence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name, to institute and conduct a litigation which usually belongs to the corporation, he should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it."

The court follows this statement with the requirements regarding pleading and proof of such conclusion, as follows:

"The efforts to induce such action as complainant desires on the part of the directors, and of the shareholders when that it necessary, and the cause of failure in these efforts, should be stated with particularity, and an allegation that complainant was a shareholder at the time of the transactions of which he complains. * * *

"He merely avers that he requested the president and directors to desist from fur-

nishing water free of expense to the City, except in case of fire or other great necessity, and that they declined to do as he requested. No correspondence on the subject is given. No reason for declining. We have here no allegation of a meeting of the directors, in which the matter was formally laid before them for action. No attempt to consult the other shareholders to ascertain their opinions, or obtain their action."

Finding No. 7, upon which appellees rely, is a substantial copy of the court's conclusion in the Hawes Case. But it was not used there otherwise than a conclusion. The court followed such conclusion with a statement regarding the contents of proper pleading and proof, as is shown by our quotation from that case.

The presumption which this court indulges in favor of the correctness of judgments of the district court would have bound us in this case except for the contradictory findings to the effect that no request had been made upon the corporation or its officers to bring the suit, and the corporation had not refused to do so; and coupled with the fact that appellees were two of the five members of the board of directors and presumptively could bring about a meeting of the board of directors to act upon the matter. When the court made this finding and failed to make findings of fact *showing the futility* (not merely stating it as a conclusion) of calling upon the directors to bring the suit, his findings not only do not support the judg-

ment, but contradict the conclusion upon which it is grounded.

It should be stated that the dismissal of this case does not preclude the bringing of a stockholders' suit in the future, if authorized under the rules of law governing such cases.

The motion for a rehearing is overruled.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.