427 P.2d 886

STATE of New Mexico ex rel. S. E. REYN-
OLDS, State Engineer, Pecos Valley Ar-
tesian Conservancy District and Hagerman
Canal Company, Plaintiffs-Appellees,

v.

C. ALLMAN, Rogers Aston and LaDora Luc-
as, Executors of the Last Will and Testa-
ment of Bert Aston, Deceased et al., De-
fendants-Appellants.

No. 8139.

Supreme Court of New Mexico.

April 17, 1967.

Rehearing Denied May 31, 1967.

John R. Russell, Roswell, for Pecos Val-
ley Artesian Conservancy District.

Hinkle, Bondurant & Christy, Paul W.
Eaton, Jr., Roswell, for Hagerman Canal
Co.

Boston E. Witt, Atty. Gen., F. Harlan
Flint, Sp. Asst. Atty. Gen., Santa Fe, for
State Engineer.

Frazier, Cusack & Schnedar, Roswell,
for appellants.

## OPINION

MOISE, Justice.

In 1956, the State of New Mexico on the
relation of S. E. Reynolds, State Engineer,
joined with Pecos Valley Artesian Con-
servancy District in bringing suit under the
provisions of §§ 75-4-4 and 75-4-6, N.M.
S.A.1953, to adjudicate the rights to water
in the Roswell Artesian Basin. The action
had numerous defendants and was num-
bered 20294 on the docket of the district
court of Chaves County. It will be herein
referred to as the Lewis case.

In 1958 the same plaintiffs brought an-
other suit with similar purposes, in which
Hagerman Canal Company, Inc. and others

were defendants. This case was numbered 22600 on the docket of the district court of Chaves County and will hereinafter be referred to as the Hagerman case.

When commenced, the Lewis case named a number of defendants but stated that a hydrographic survey was being conducted and when completed would be filed in court and, thereupon, additional parties should be added on motion of plaintiffs. The survey was completed, township by township, and, as completed, parties were added as prayed. A special master was appointed and testimony was taken concerning each claimant's rights, whereupon findings and conclusions were made by the special master who recommended their adoption by the court. Decrees were duly entered thereon by the court and a number of appeals perfected therefrom.

In State ex rel. Reynolds v. Sharp, 66 N. M. 192, 344 P.2d 943 (1959), we were called upon to determine whether the procedure followed in the trial court was proper, and whether the decree as to each individual claimant was final and appealable under Supreme Court Rule 5 (§ 21-2-1(5), N.M. S.A.1953). We there held that the adopted method of proceeding was "a substantial compliance with the requirements of the adjudication statutes, and a reasonable and practical way to accomplish the desired purposes. * * *" We further determined that each decree was final and appealable while, at the same time, stating that "nothing remained for the final degree except to incorporate the same and *fix the priority.*"

Appellants assert that the Hagerman case was a declaratory judgment proceeding and involved both surface and underground rights, and accordingly differed from the Lewis case. However, we are impressed that while differing somewhat in its allegations, the purpose of the Hagerman case was to have adjudicated the rights of the named defendants in the surface and underground waters of the Roswell Artesian Basin, which appellee asserts are both identical water from the artesian basin under the doctrine of Templeton v. Pecos Val-

ley Artesian Conservancy District, 65 N.M. 59, 332 P.2d 465 (1958).

Although the Lewis case sought only adjudication of the "waters" of the Roswell Artesian Basin, and the Hagerman case sought adjudication of rights to both the "surface and underground waters," since both are claimed to have the same artesian source we perceive of no material differences in the relief sought. Of course, if any additional adjudications were contemplated or undertaken concerning separate waters, the rights of any parties in the artesian basin waters would in no way be affected thereby.

After the special master in the Hagerman case made his findings, conclusions and recommendations, and the special master in the Lewis case (they were the same individual) had done likewise concerning each water right there considered, the two cases were consolidated by order of the court. Prior to that time the appellants, being defendants in the Lewis case, had not been parties in the Hagerman case and had no notice of the proceedings therein.

The consolidation order was signed October 6, 1965, and was entered nunc pro tunc as of September 22, 1965. On November 3, 1965 the appellants filed motions seeking reopening of the adjudication of their rights in the Lewis case and, at the same time, filed objections to the findings and conclusions of the special master in the Hagerman case which had been duly approved by the court. All motions were overruled before entry of the judgment and decree here appealed. The motions were all directed primarily at one issue, viz., whereas the water rights decreed to appellants in the Lewis case carried a priority date as of the commencement of the well being adjudicated, without consideration being given to whether the right should have an earlier priority by virtue of the doctrine of relation back, the well rights adjudicated to the Hagerman Canal Company carried a priority date related back to the commencement of the ditch whereby the beneficial use was accomplished.

It is appellants' theory that they were denied their day in court because not permitted to establish the priority date of their wells as the time when water was first applied to the land. There can be no doubt that due process requires all who may be bound or affected by a decree are entitled to notice and hearing, so that they may have their day in court. City of Albuquerque v. Reynolds, 71 N.M. 428, 379 P. 2d 73 (1963). The appellants should have been given a full opportunity to establish the applicability of the doctrine of relation back in showing a priority date to be that of an original appropriation of water from the same source as that of their wells. Templetion v. Pecos Valley Artesian Conservancy District, supra; State ex rel. Reynolds v. Mendenhall, 68 N.M. 467, 362 P.2d 998 (1961).

The findings of the special master in the Hagerman case, duly approved by the court in that case, determined that the artesian wells being used as a supply by the Canal Company were merely a continuation of the original appropriation from the same source, and should be given the same priority date as the original appropriation related back to the commencement of the Canal project.

Appellants argue that they had made earlier beneficial use of waters on the land now being irrigated from the artesian wells, and that they should be given priority dates related back to these original uses, in the same way as was done in the Canal case. They do not state, but it is implicit that appellants' earlier uses were from the artesian reservoir source. If this were not true, they would not be entitled to an earlier priority than the commencement date of the wells from which they are taking water. Appellants also seek to attack the priority date adjudicated to the Canal Company in the Hagerman case. Since they are now all parties to the consolidated suit, and the court was preparing to enter its decree adjudicating the rights of all parties to the waters of the Roswell Artesian Basin, we do not understand the basis for denying appellants an opportunity to establish their water rights in relation to those of the Canal Company.

Certainly, our recognition in State ex rel. Reynolds v. Sharp, supra, that priorities, as between the rights being adjudicated, remained to be determined at the final hearing must have contemplated exactly what appellants here attempted to accomplish. In State ex rel. Reynolds v. Mendenhall, supra, upon authority of State ex rel. Reynolds v. Sharp, supra, we stated that " * * * a legal right having been established [in the Lewis case], its priority in relation to other valid rights remained open for final determination."

Unless it can be said that appellants had an opportunity to present proof and failed to do so, or that the motion showed a lack of any possible merit on its face, there can be no question that hearing and overruling appellants' motions attacking the priority adjudged to the Canal Company does not amount to a complete determination of the issues between the parties so as to satisfy the requirements of due process. City of Albuquerque v. Reynolds, supra; State ex rel. Reynolds v. W. S. Ranch Company, 69 N.M. 169, 364 P.2d 1036 (1961).

Although counsel agree that a hearing was held on the motion prior to the order overruling it, they disagree as to whether appellants were given an opportunity to present proof. It is appellee's position that the proof should have been presented by way of affidavits or depositions attached to the motion or by evidence tendered when the motion was heard. To the contrary, appellants assert that upon the issue being raised, they were entitled to present evidence in court, and that the court should have set a time when they could do so. They rely heavily on the following language in State ex rel. Reynolds v. Sharp, supra:

"It is true that no decree declaring 'the priority, amount, purpose, periods and place of use * * * the specific tracts of land to which it shall be appurtenant, together with such other conditions as may be necessary to define the right and

its priority' as required by § 75-4-8, N.M. S.A.1953, can be entered concerning the waters of the Roswell Artesian Basin until hydrographic surveys thereon have been completed and all parties impleaded, at which time it is contemplated a further hearing to determine the relative rights of the parties, one toward the other, will be held. We cannot say that when this is done, and a decree entered pursuant to the provisions of § 75-4-8 quoted above, all of the statutory requirements will not have been met."

That a hearing to determine "relative rights of the parties, one toward the other" was to be held before the final decree was to be entered is specifically stated. We do not understand that anything less than a hearing where evidence could be offered and received to establish the claims concerning conflicting priority dates of rights found to exist could be considered to be a compliance with the requirements of due process as already discussed.

However, appellee argues that appellants did not assert that the trial court's findings of fact and conclusions of law, concerning the Canal Company's priorities, were erroneous and that without such an allegation there was no basis for the trial court to reopen. With this conclusion we do not agree. Appellants did attack the priority date granted to the Canal Company for the asserted reason that it was arrived at through an unreasonable application of the doctrine of relation back. Further, it was appellants' position that their own priority date as related to that of the Canal Company was also open for determination. It would seem self-evident that if relative priorities "one toward the other" were open for determination before the final decree was entered, it would necessarily follow that the determination of the various rights would be made by application of identical standards and rules. That a different result might be encountered in separate lawsuits is conceivable. However, where all rights are being adjudicated in one lawsuit, as here, after consolidation, the application of different standards in determining the relative priorities is patently unfair and improper. We do not see how on the face of appellants' motions it could be determined that they were without merit. This being true, as already observed, they should have been permitted to present such proof as was pertinent to establish the relative priorities of their claims as related to those of the Canal Company. The refusal to permit them to do so was reversible error.

It does not appear that the trial court has ruled on the question of whether the doctrine of relation back as applied by it to the Canal Company right was unreasonable in relation to appellants' rights. Accordingly, we express no opinion on that issue.

Neither do we pass upon the argument made that the court erred in holding that the rights adjudged to the Canal Company should not impair "prior rights," but should have stated that "existing rights" should not be impaired. After hearing on remand, the trial court will be called upon to enter a new decree adjudicating the rights as between the appellants and appellee. At that time it will be necessary that it pass upon this question. We do not rule on the point until the trial court has done so, and the question is again presented.

The decree appealed from herein although denominated "partial" appears to be interlocutory and to practically dispose of the merits of all claims of the parties. It is accordingly appealable under Supreme Court Rule 5(2) (§ 21-2-1(5) (2), N.M. S.A.1953).

It follows from what has been said that the partial decree should be reversed, and the cause remanded to the trial court with instructions to set the same aside and to then proceed in a manner consistent herewith.

It is so ordered.

CHAVEZ, C. J., and SPIESS J., Court of Appeals, concur.