Nancy Deaton COMBS et al., Appellants,

v.

Robert GRIFFITH, Appellee.

Court of Appeals of Kentucky.

May 31, 1968.

Rose & Short, Beattyville, Robert L. Milby, Hamm, Taylor & Milby, London, for appellants.

James S. Hogg, Jackson, S. Russell Smith, Kirby A. Scott, Louisville, for appellee.

GEORGE O. BERTRAM, Special Commissioner.

Judgment was entered by the Breathitt Circuit Court upon a jury verdict for appellee, Robert Griffith, against appellants, Nancy Deaton Combs and Charles H. Combs. The litigation arose out of a motor vehicle collision in September 1963 on Kentucky Highway 15 in Breathitt County. The complaint was filed May 26, 1964, by appellee against appellants, alleging Nancy negligently operated a motor vehicle owned by Charles, causing it to strike the rear of the truck of Robert which was stopped behind a school bus. Robert sought damages totaling $10,000 for his personal injuries.

On November 18, 1966, a jury found in favor of Robert against Nancy and Charles for $10,000. Nancy and Charles filed a motion for judgment notwithstanding the verdict, and in the alternative a motion and grounds for new trial. Filed with the motion for new trial is the affidavit of one of appellants' trial counsel. Along with other grounds, appellants assign as error in their motion for new trial the failure of the trial court to comply with CR 40. The affidavit recites among other things that one of appellants' counsel was in charge of management of the defense; that notice in compliance with CR 40 was never given by Robert as plaintiff in the lower court; and that a conflict resulted whereby said counsel was not able to be present on the second day of trial. (He was present on the first day.) The trial court overruled both motions; therefore, this appeal.

Appellants raise four grounds for reversal, the second being that CR 40 was

not complied with. We will not discuss the other three because we think the trial court was in error in assigning the case for trial when there was a lack of compliance with CR 40. That rule provides:

"No case shall be assigned for trial without giving reasonable notice to all parties not in default of the day on which a trial date will be fixed."

The record on this appeal discloses the history of the assignment for trial as follows:

July 3, 1964, notice by appellee to assign on July 14, 1964.

July 14, 1964, no action taken.

March 1, 1965, notice by appellee to assign on March 9, 1965.

March 9, 1965, no action taken.

November 4, 1965, notice and motion by appellants to cancel trial date on November 23, 1965, to be heard November 15, 1965.

November 15, 1965, no action taken.

November 23, 1965, no action taken.

March 14, 1966, notice and motion by appellants to cancel trial date of March 29, 1966, to be heard March 21, 1966.

March 21, 1966, no action taken.

March 29, 1966, no action taken.

August 23, 1966, order continuing case to regular November 1966 term.

November 17, 1966, motion and affidavit to continue and order overruling.

Trial of this action began November 17, 1966, and concluded the next day. Absent from the record is any notice, motion or order whereby this action was assigned for trial on November 17, 1966. This absence is the heart of this appeal and such absence in nowise complies with the clear mandate of CR 40. See Burns v. Brewster, Ky., 338 S.W.2d 908, and Ledford v. Osborne, Ky., 350 S.W.2d 641.

■ Appellee contends the trial court did not abuse its discretion in not setting aside the assigned date of November 17, 1966, because CR 40 previously had been complied with and the case already had been continued several times over a period of two years. However, appellants' objection is not abuse of discretion in overruling their motion to continue but in failure to comply with CR 40. As we view that rule, the only discretion given to the trial court is to assign a trial date after proper notice, giving to both sides an opportunity to be heard and state their reasons for or against. Prior notices of days for fixing other trial dates of course have no relevancy to the final trial date assigned. Nor does requesting prior continuances constitute a waiver of the requirement of this rule.

■ We agree with appellee's contention that CR 40 "is not intended to impose an unnecessary burden upon the court or those who seek to have their cases assigned for trial". However, appellants were not in default and this action, having been set without notice, leaves us with no alternative but to conclude that CR 40 was violated. We think that CR 40 was promulgated for the prevention of just such a situation as is presented on this appeal.

The judgment is reversed, with directions to grant appellants a new trial.