481 P.2d 107

**In the Matter of Laura Leslie DOWNS, a Juvenile.**
**STATE of New Mexico, Appellee,**
**v.**
**Harry DOWNS, Appellant.**

**No. 9119.**

Supreme Court of New Mexico.

Feb. 15, 1971.

Garland, Martin & Martin, William L. Lutz, Las Cruces, for appellant.

James A. Maloney, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

McMANUS, Justice.

This is a juvenile delinquency proceeding brought pursuant to § 13–8–19 et seq., N.M.S.A. (1953 Comp.), in the Juvenile Court of Otero County, New Mexico. The petition alleged that Laura L. Downs, the juvenile, had habitually deported herself as to injure or endanger the morals, health, or welfare of herself or others.

At a hearing before the court the juvenile admitted the charges. The court placed Miss Downs on probation until age 21 and placed her in the custody of her mother. As a part of the hearing, Harry Downs, the juvenile's father, was ordered to pay $75.00 a month for her support. The father, Downs, appealed from this order. The only party before this Court for a review is the appellant, Harry Downs. Consequently, the arguments and authorities raised insofar as the juvenile is concerned will not be considered.

It appears that Harry Downs was served with a document labeled "Citation," directing him to be present at a hearing on May 1, 1970. At this hearing the juvenile admitted the matters alleged in the petition. Another hearing was set on May 8, 1970, with the appellant father appearing by virtue of the "Citation." Near the end of the hearing the court inquired of appellant if there was any reason why he should not contribute to the support of Laura Downs. The appellant made a short reply stating there were reasons that he should not pay. The court then ordered Harry Downs to pay $75.00 per month towards the support of the juvenile.

■ The appellee contends that this Court has no jurisdiction to entertain an appeal from the juvenile court. This contention has been settled by this Court in Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968), wherein the Court said, "The juvenile court provided for in the 1955 law is part and parcel of the district court and is not an inferior court created pursuant to Art. VI, § 1, N.M. Const." Inasmuch as the juvenile court is a division of the district court and not inferior, it follows that such an appeal as this properly lies in this Court.

■ The serious question before us in this cause concerns due process as related to Art. II, § 18, of the New Mexico Constitution and the Fourteenth Amendment to the United States Constitution. Under due process every citizen is guaranteed that his liberty or property will not be taken from him unfairly. It also insures that he will be informed of any claim against him and will have a chance to present his side of the case. See State ex rel. Reynolds v. Allman, 78 N.M. 1, 427 P.2d 886 (1967) and Sorensen v. Jacobson, 125 Mont. 148, 232 P.2d 332 (1951). In the present case the appellant was ordered to appear as a witness in the juvenile delinquency matter. At the hearing he was asked:

"THE COURT: * * * Mr. Downs, is there any reason why you shouldn't support, contribute to the support of this girl?

"MR. DOWNS: I don't think any adult should have to put up with her, her attitude is that she can do anything she wants to and any adult that doesn't like it can go jump in the lake. Under those conditions, I don't think any adult should have to put up with her or support her.

"THE COURT: Mr. Downs, I'm going to order you to pay the sum of $75 a month for the support of this girl, to be paid through the Clerk of the Juvenile Court, which is right down the hall here, the amount of $75 a month, and the first payment to be made no later than May the 15th."

It is obvious that Harry Downs was not apprised ahead of time that a judgment might be rendered against him. Nor did he have the opportunity to properly present his side of the case. The hearing accorded him failed to comply with the requirements of § 13–8–50, N.M.S.A.1953 (Repl. Vol. 3, 1968), in that he was not advised of the powers of the court to order and decree that he make payments for the support and treatment of his daughter as provided in § 13–8–57, supra, and in that he was not given reasonable opportunity to be heard as required by §§ 13–8–50 and 13–8–57, supra.

The judgment insofar as Harry Downs is concerned is reversed and remanded to to the Juvenile Court of Otero County for proceedings not inconsistent with this opinion. It is so ordered.

TACKETT and OMAN, JJ., concur.