JACK ADAMS AIRCRAFT SALES,
INC., Appellant,

v.

Charles W. HURLEY, Appellee.

No. 8552.

Court of Civil Appeals of Texas,
Texarkana.

July 18, 1978.

Rehearing Denied Aug. 29, 1978.

Mike Aranson, Dallas, for appellant.

James K. Johnson, Asst. Dist. Atty., Joseph G. Werner, Asst. City Atty., Dallas, for appellees.

John D. Crawford, Dallas, for appellant.

Wm. Andress, Jr., Wm. Andress & Assoc., Dallas, for appellee.

ODEN, Justice.

Appellee, Charles W. Hurley, instituted suit against Jack Adams Aircraft Sales, Inc., appellant, for a commission allegedly owed by reason of Hurley producing a purchaser for appellant's outstanding common stock and/or assets. Appellant timely filed an answer, but failed to appear for trial at which time judgment was entered against it. A motion for new trial was filed within 10 days of the entry of judgment and overruled. The only question presented for our determination is whether the trial court erred in overruling the motion for new trial.

Hurley contends that the judgment under review is a judgment nihil dicit which carries with it an admission of the cause of action substantially as stated in the petition. A true nihil dicit judgment occurs only where the defendant has entered some plea, usually of a dilatory nature, but has not placed the merits of plaintiff's case in issue, or where the defendant has placed the merits in issue by answering, but then withdraws the answer. *Frymire Engineering Co., Inc. v. Grantham,* 524 S.W.2d 680 (Tex.1975). These situations do not here exist inasmuch as Jack Adams Aircraft Sales, Inc. had an answer on file which placed in issue the merits of the alleged cause of action, and Hurley's claim that appellant had confessed judgment by implication is overruled.

The correct rule to be applied to motions for new trial which seek to set aside default judgments is stated in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work any injury to the plaintiff."

This rule applies to motions for new trial which seek to set aside a default judgment entered on failure to appear for trial as well as to a judgment entered on failure of the defendant to file an answer. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

 The record under review shows that the failure of Jack Adams Aircraft Sales, Inc. to appear for trial was not intentional or the result of conscious indifference, but was due to an accident or mistake. The cause was set for trial on May 6, 1976. Appellant was not notified of the setting. Parties over whom a court has obtained jurisdiction are not entitled to notice of a trial setting in the absence of a rule or statute to the contrary. *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974). The case was heard in a Dallas County District Court and the Dallas Civil Court Rules require the counsel at whose request the case is set to serve written notice of the setting on the opposing parties and to forthwith furnish a copy of such notice to the District Clerk evidencing compliance. Rule 1.6a, Dallas Civil Court Rules. This rule was not followed. Appellant had a right to rely on the local rule. The failure to appear was not the result of an intentional act of appellant or its conscious indifference but rather appellee's failure to comply with the Dallas Civil Court Rules, which we hold was due to an accident or mistake of appellee.

The motion for new trial "set up" a meritorious defense in that it contains an allegation that Hurley had been paid all sums due him as a commission for producing a purchaser for appellant's common stock and/or assets. The allegation, if true, would constitute a defense to the cause of action asserted by Hurley and was supported by affidavits which proved prima facie the meritorious defense. See *Ivy v. Carrell,* supra, for a discussion of the phrase "set up a meritorious defense."

 Jack Adams Aircraft Sales, Inc. also has the burden of showing that its motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to Hurley. *Unit-ed Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976). Injury may be negated by an offer to pay costs incurred by a plaintiff such as Hurley as a result of the judgment, which appellant did in its motion for new trial. *United Beef Producers, Inc. v. Lookingbill,* supra. The judgment (interlocutory at the time) under review was rendered on May 12, 1976, but did not become final until March 4, 1977, at which time judgment was entered in favor of a codefendant against Hurley and the cause under review severed. The motion for new trial was filed on May 21, 1976, and overruled on August 5, 1976, which was approximately seven months before the interlocutory judgment became final. The granting of the motion for new trial could not have caused any delay to Hurley under the circumstances, and accordingly, it was filed at a time when the granting thereof would occasion no delay to the appellee.

The discretion vested in a trial court with respect to granting a new trial where a defendant fails to appear for trial is not unlimited. Jack Adams Aircraft Sales, Inc. has met the requirements for a new trial as set forth in *Craddock v. Sunshine Bus Lines, Inc.,* supra, and *Ivy v. Carrell,* supra, and it was an abuse of discretion for the trial court to deny the motion for new trial.

It is not necessary for us to decide whether appellee's failure to comply with the Dallas Civil Court Rules with respect to giving notice of a setting to opposing parties would in and of itself be grounds for granting a new trial and this opinion should not be construed to imply either that it would or it would not.

The judgment entered by the trial court is reversed and the cause remanded for trial.