605 P.2d 245

**WELLS FARGO BANK,**
**Plaintiff-Appellee,**

v.

**Earl DAX and Henry Jewell,**
**Defendants-Appellant.**

**No. 4116.**

Court of Appeals of New Mexico.

Dec. 6, 1979.

Rehearing Denied Dec. 14, 1979.

Steven R. Fairfield, John E. Farrow, McCallister, Fairfield, Query, Strotz & Stribling, P.C., Albuquerque, for defendants-appellant.

Earl R. Norris, Vener & Fitzpatrick, Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The complaint and counterclaim involve an automobile lease and Jewell's alleged conversion of the automobile. The appeal does not involve the merits of these claims.

The case was tried on October 3, 1978. The appeal presents issues concerning notice of trial. We discuss (1) a purported local rule concerning notice; (2) waiver of notice; and (3) adequacy of notice.

Judgment was entered against both defendants on December 27, 1978. Jewell moved for a new trial on January 5, 1979. An order denying the motion for a new trial was filed March 30, 1979. Jewell appeals from the order denying him a new trial. The motion for new trial claimed that Jewell was not given written notice of the trial, was unable to call witnesses, and was denied the opportunity to present evidence at the trial held October 3, 1978.

*Purported Local Rule Concerning Notice*

The record shows written notice of trial was twice given to counsel. Both of these trial settings were vacated. This case was tried on the basis of oral notice.

Jewell contends that Rule 16 of the Rules of the Second Judicial District require that written notice be given of a trial setting. Relying on decisions from other jurisdictions, Jewell asserts that compliance with a rule, providing for written notice, is mandatory. See *City and County of San Francisco v. Carraro*, Cal.App., 28 Cal.Rptr. 680 (1963).

Because this purported local rule is not before us, we do not quote the purported rule on which Jewell relies.

Rule of Civ.Proc. 40 states:

The district courts shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties, or (2) upon request of a party and notice to the other parties, or (3) in such other manner as the courts deem expedient.

Rule of Civ.Proc. 83 states:

Each district court by action of the judge of such court or of a majority of the judges thereof, may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court, shall, upon their promulgation be furnished to the supreme court of the state. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

Rule of Civ.Proc. 83 requires that local rules be "furnished" the Supreme Court. Rule of Civ.Proc. 83 does not say whether the local rule is invalid if the Supreme Court is not furnished a copy. Nor do we decide this question. See *Maestas v. Christmas*, 63 N.M. 447, 321 P.2d 631 (1958); *Hartford Accident and Indemnity Co. -v. Beevers*, 84 N.M. 159, 500 P.2d 444 (Ct.App. 1972); *Tate v. New Mexico State Board of Education*, 81 N.M. 323, 466 P.2d 889 (Ct. App.1970).

The local rule relied on by Jewell does not appear in the record before us. The briefs refer to the local rule, but the briefs do not establish the record. See *Porter v. Robert Porter & Sons, Inc.*, 68 N.M. 97, 359 P.2d 134 (1961); *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). The local rule, not being in the record before, is not before us for review unless it is before us on some other basis. *Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973).

This Court has held that we will judicially notice the records of the Supreme Court. *State v. Vigil*, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). The Supreme Court will judicially notice local court rules properly promulgated and filed with the Supreme Court. *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978).

The Supreme Court clerk's office has informed us that the only rules of the Second Judicial District filed with the Supreme Court were those rules filed on September 6 and December 10, 1974. Rule 16 of the September 6, 1974 filing deals with pre-trial motions and is not applicable to the notice issue. Rule 24 of the September 6, 1974 filing deals with "Settings and Notice." Rule 24(a) deals with settings on the court's initiative; it does not require written notice from the court. Rule 24(b) deals with settings upon request by counsel and contains language somewhat comparable to the local

rule relied on by Jewell. Since this Rule 24(b) pertains solely to settings requested by counsel, and since the record does not show that counsel requested the disputed trial setting in this case, Rule 24(b) is not applicable. Rule 16 of the December 10, 1974 filing also deals with pre-trial motions and is not applicable to the notice issue in this case. Rule 18(c)(6) and (7) of the December 10, 1974 filing is similar to the local rule relied on by Jewell; these provisions, however, deal with settings requested by counsel, they make no mention of settings initiated by the trial court. We find nothing in the rules filed December 10, 1974 which deals with settings initiated by the trial court.

The Rule 16 on which Jewell relies cannot be considered because it is not in the appellate record, and not having been filed with the Supreme Court, may not be judicially noticed. Second Judicial District Rules filed with the Supreme Court do not require written notice of a trial setting initiated by the trial court.

Jewell's claim that a local rule required written notice of the trial setting has not been established. Accordingly, we do not reach the question of whether the local rule relied on by Jewell conflicts with Rule of Civ.Proc. 40.

*Waiver of Notice*

The record shows that Mr. Fairfield, a lawyer in the firm of defendant's counsel, received a telephone call from the judge's secretary on October 3, 1978. Fairfield took the call because he was the only attorney in the office at the time. This call was at about 2:15 p. m. and informed Fairfield that a hearing on the merits was to have begun at 2:00 p. m. of the same day. Fairfield "immediately" went to the courtroom. The record indicates that the trial court informed Fairfield that plaintiff's attorney was "just proceeding to get a default entered." Fairfield said: "If it is going to come down to a default, I guess I'd better do something." Fairfield informed the court that he had "absolutely no knowledge of this case" and that the firm's file did not show any notice of the trial setting. Fair-

field asked: "Am I to assume we're going to try this case this afternoon, Your Honor?" The court replied: "If we're going to trial, it's today." After a recess of approximately 30 minutes, Fairfield announced that defendant was as "ready as he is going to be," and the case was tried. Fairfield cross-examined the two witnesses for plaintiff, made objections, and introduced a portion of Jewell's deposition into evidence.

■ In denying the motion for a new trial, the trial court ruled that defendants "were given adequate notice of the trial . . . ." We discuss the adequacy of notice subsequently in this opinion. Plaintiff contends that the failure of Fairfield to ask for a continuance, and his participation in the trial, was a waiver of any issue concerning notice. We disagree.

*Fair v. Morrow*, 40 N.M. 11, 52 P.2d 612 (1935), on which plaintiff relies, is not applicable. That case involved notice to the defendant litigants, not notice to counsel for the litigants. *Fair v. Morrow, supra,* does not discuss the question of notice to counsel who participated in the trial, and does not indicate there was an issue concerning notice to counsel.

The failure of Fairfield to move for a continuance does not show a waiver of the notice issue. The record indicates that Fairfield was faced with going to trial or having a default judgment entered against Jewell; "If we're going to trial, it's today." A motion for continuance, in this situation, would have been a useless act. Compare *Porter v. Mesilla Valley Cotton Products Co.*, 42 N.M. 217, 76 P.2d 937 (1938).

■ "Waiver" is the intentional relinquishment or abandonment of a known right. *Cooper v. Albuquerque City Commission*, 85 N.M. 786, 518 P.2d 275 (1974). Fairfield informed the trial court that his firm's file showed no notice of a trial setting and proceeded with the trial when faced with a default against Jewell. The record provides no basis for holding that Fairfield waived the notice issue.

*Adequacy of Notice*

■ Due process requires a reasonable notice of the trial setting so that the person bound by the results of the trial would have the opportunity to have his day in court. *State v. Allman*, 78 N.M. 1, 427 P.2d 886 (1967); see *In re Downs*, 82 N.M. 319, 481 P.2d 107 (1971); *Westland Development Co. v. Saavedra*, 80 N.M. 615, 459 P.2d 141 (1969); *In re Nelson*, 78 N.M. 739, 437 P.2d 1008 (1968).

The trial court found that defendants were given adequate notice of trial; this finding necessarily involves notice to the attorneys because there is nothing indicating Jewell had any notice that trial would be held on October 3, 1978. If "adequate notice" was given, due process was met.

■ It is undisputed that Fairfield received notice at 2:15 p. m. on the date of trial; this was fifteen minutes after the time the trial was scheduled to begin. This was not adequate notice. What other notice was given?

■ When Fairfield appeared in response to the telephone call, he raised the question of notice. The following occurred:

MR. VENER: Mrs. Meyer [sic] outside says she called your office on August 18th and gave you notice.

MR. FAIRFIELD: I don't dispute that. I don't know. I think that Mr. McCallister did have a conversation.

The remarks of plaintiff's attorney concerning notice did not establish that notice was given by the judge's secretary. Compare *State v. Maes*, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970). Mr. Fairfield's response was not an admission of notice; he stated that he did not know.

The evidence as to notice appears in the record of the hearing on the motion for a new trial. Mrs. Myers testified that she did not give a written notice of the October 3rd trial setting; "I called all offices." When asked if she could have given notice by telephone, she responded:

MS. MYERS: I might have, but I can't quite remember. I know I was concerned about that guy coming in from San Fran-cisco, so let me check the docket. If it is not on the docket, I must have made the telephone call, and I could check in here and see if I check-marked calling everybody. That's why I always like to have a request for hearing. October 3rd, okay. I did call. Here is October 3rd, I called. This checkmark over here means I called to say that it was a definite setting. It was a backup. This is October 3rd, 1978. I have a checkmark by Mr. Harris, Mr. Vener, Mr. McCallister and Mr. McAtee stating that I called. That's my indication to show myself what I did, and that's it.

This testimony goes only to notice given on the day of trial, and was not constitutionally adequate. There is nothing else, other than speculation, concerning notice to defendant's counsel of the October 3, 1978 trial. The finding that adequate notice was given is not supported by the record.

The judgment is reversed and remanded for a new trial.

IT IS SO ORDERED.

SUTIN and WALTERS, JJ., specially concurring.

SUTIN, Judge (specially concurring).

I concur in the result.

Notice of date and time of a trial hearing is a matter of grave concern to parties in litigation. To deny a hearing on the merits without good reason defies what we commonly refer to as justice and fair play. This case is one of first impression, one that requires circumspection in dealing with a rule which requires district courts to place an action upon the trial calendar.

Rule 18(c)(6) of the Rules of the Second Judicial District reads:

Requests for settings for trial alone may be sent directly to the assigned Judge who will make the setting. The Judge's secretary will enter the date and time of the setting for the trial and will file the original and send endorsed copies of the Request for Setting form to all persons entitled to notice.

A "Request for Hearing" and "Notice of Hearing" form is attached to the rules as an appendix. The "Request for Hearing" portion of the form is completed by the party seeking a trial. The "Notice of Hearing" form is completed by the judge or calendar clerk and is mailed to all persons entitled to notice. If ordered to do so, the person requesting the setting shall, not later than 3 days after being directed, file with the clerk of the court the completed original of the Request for Hearing-Notice of Hearing and serve copies on all counsel of record or parties appearing pro se.

This is the only rule provided for initiating a setting for trial. The assigned judge has no authority to initiate a trial setting. Rule 18(c) was created and adopted by the District Judges in the Second Judicial District. Each judge is mandated to follow these rules. Otherwise, the Rules will lose their meaning when violated by thirteen district judges. Settings for trial will become a haphazard proceeding. Rule 65 of the Rules of the Second Judicial District reads:

> Any infraction of these Rules shall, in addition to other appropriate remedies, subject the attorney or non-complying party to such disciplinary action as the Judge(s) of the Second Judicial District shall deem appropriate.

If a lawyer has a duty to comply with the rules, and does comply, the district judge will not be lead astray. If a lawyer fails to comply, the district judge has a duty to direct the lawyer to read the rules and follow them. Whether the fault be that of the lawyer or the district judge, the failure to comply with the "Request for Hearing-Notice of Hearing" procedure must result in reversible error for any action taken at the hearing unless the opposing lawyer or party voluntarily waives the Notice of Hearing requirement. Strict compliance is essential to the administration of justice. The rule must be uniform that the failure to give proper notice of trial to an adversary is reversible error. *Siano v. Spindel*, 136 Ga.App. 288, 220 S.E.2d 718 (1975).

We must not grant the trial judge discretion in initiating trial settings; to do so, is to create a host of excuses and various events that will destroy the fairness of the rule. The only discretion given to the district judge is to assign a trial date after proper notice, giving both sides an opportunity to be heard and state their reasons for or against. *Combs v. Griffith*, 429 S.W.2d 849 (Ky.1968).

We must not allow letters of attorneys or oral announcements to substitute for the "Notice of Hearing" requirement. To do so is to create strong disagreements on appeal. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex.1978). Notice of trial required by the civil rules must be given to the adverse party by the court and not counsel, *King v. King*, 55 Ohio App.2d 43, 379 N.E.2d 251 (1977), unless, of course, the district judge directs the lawyer to send the notice.

We must not follow the rule that a judge has no specific duty to inform individual attorneys of when their respective cases are set for trial; that the court records do, *Ed Martin Ford Co., Inc. v. Martin*, 363 N.E.2d 1292 (Ind.App.1977), nor that parties over whom a court has obtained jurisdiction are not entitled to notice of a trial setting in the absence of a rule or statute to the contrary, *Jack Adams Aircraft Sales, Inc. v. Hurley*, 569 S.W.2d 599 (Tex.Civ.App.1978), because parties are expected to keep themselves informed of the time a case is set for trial and not sleep on their rights. *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974); *Knight v. Davis*, 356 So.2d 156 (Ala.1978); *Forman & Zuckerman, P. A. v. Schupak*, 38 N.C.App. 17, 247 S.E.2d 266 (1978).

Furthermore, we must not follow the rule that when plaintiff's attorney comes into court to obtain a default judgment, one can be granted when both the attorney and the district judge know that defendant is entitled to three-days notice under Rule 55(b) of the Rules of Civil Procedure. *Ries Flooring Company, Inc. v. Dileno Const. Co.*, 53 Ohio App.2d 255, 373 N.E.2d 1266 (1977). This rule should put a district judge on notice that defendant should not be forced

to trial on the merits under the circumstances of this case. If defendant's attorney had walked out of the courtroom and default judgment were entered, defendant would be entitled to vacate the judgment and obtain a trial on the merits.

The only rule to follow in the Second Judicial District is Rule 18(c)(6) of the rules of that district.

In the absence of a district court rule, it must be kept in mind that notice of trial is an elementary essential of a judicial proceeding. No hard and fast rule for determining what notice is sufficient can be made. Any such rule would be arbitrary. But we do know that a reasonable notice of the trial setting must be given to satisfy due process requirements as pointed out in Judge Wood's opinion.

Rule 18(c)(6) not having been followed, defendant is entitled to a new trial.

WALTERS, Judge (specially concurring).

I especially agree with Chief Judge Wood's opinion, not only because a purported local rule was not of record or filed with the Supreme Court, but principally because due process demands adequate notice regardless of any rule, and regardless of who initiates the notice. The record denies its existence in this case.

I cannot agree with my esteemed colleague, Judge Sutin, that a district judge of the Second Judicial District is, by "mandate" of the local rules, without authority to initiate a trial setting. Local Rule 18(c)(6) referred to by both Judges Wood and Sutin is concerned with "Requests for Hearings," and provides that the attorneys "may" send such requests to the assigned judge for trial settings. Nothing in the rules prevents the trial judge from making a setting without such a request.