635 P.2d 588

STATE of New Mexico, ex rel., DE-PARTMENT OF HUMAN SERV-ICES, Petitioner-Appellee,

v.

Wanda Sue PERLMAN, Respondent-Appellant.

No. 4862.

Court of Appeals of New Mexico.

June 30, 1981.

Rehearing Denied July 13, 1981.

Fred J. Waltz, Northern New Mexico Legal Services, Inc., Taos, for respondent-appellant.

James W. Catron, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

## OPINION

WALTERS, Judge.

Wanda Perlman presents four points for reversal. The first point is conclusive, and we reverse the judgment of the trial court which terminated her parental rights.

On September 11, 1978 a petition alleging neglect was filed against respondent. At the hearing on September 14, Wanda's child was adjudged neglected and she was placed in the custody of the Department of Human Services for six months. Custody was subsequently extended, with Wanda's consent, for two additional six-month periods. In April 1980, the Department applied for termination of Wanda's parental rights, relying upon the 1978 judgment of neglect as the sole statutory ground for bringing the termination petition. See § 40–7–4 B, N.M. S.A.1978. Wanda appeals the order of termination which followed a full hearing on the Department's application.

Prior to receiving any evidence in the 1980 termination proceeding, counsel for Wanda asked for a ruling as a matter of law on Wanda's contention that the decree of neglect, upon which the termination petition rested, was obtained through unconstitutional procedures. It is her basic argument that at the time of the neglect hear-

ing in 1978 she was denied due process and equal protection because her right to an attorney had never been explained to her.

Wanda relies on Rule 55 of the Rules of Procedure for the Children's Court, and the Department is correct in pointing out that Rule 55, requiring the court to advise respondent of her right to an attorney if a petition alleging neglect has been filed, became effective November 1, 1978 after the petition had been filed and the hearing held. However, the forerunner of the current Rule 55 adopted in 1978 was Rule 15, and it required the court to inform "the respondent" at his (her) first appearance before the court of the right to an attorney. The Committee Commentary of the new Rule 55 indicates it was drafted because it was felt that Rule 15 was not "adequate" or correct in two other provisions when applied to neglect proceedings. Notwithstanding any deficiency in Rule 15, however, § 13–14–28 A, N.M.S.A.1953 [now § 32–1–31 A, N.M.S.A.1978], explicitly provided that "[t]he court shall advise persons before the court of their basic rights under the Children's Code ... and other laws at each separate appearance." One of the basic rights outlined in the Code existing then and now is that, in a neglect proceeding, a parent "shall be informed that [she has] the right to be represented by counsel and, upon request, counsel shall be appointed if the person is unable to obtain counsel...." Section 13–14–25 F, N.M.S.A.1953 [now § 32–1–37 F, N.M.S.A.1978].

Additionally Rule 41(d) then in effect was identical to the present Rule 53(d), which imposed on the Department the obligation to advise Wanda of her right to an attorney. The Department did not do so and she appeared at the neglect proceeding without counsel.

Thus, the requirements of both Rules 15 and 41 that respondent be informed by the petitioner and by the court of the right to an attorney, in existence at the time of the September 1978 hearing, were not observed. The neglect hearing was not conducted in accordance with the procedures established by Supreme Court rule.

When this issue of non-compliance was raised at the termination hearing, both the court and the Department's attorney expressed the belief that Wanda Perlman had been advised of her rights at the 1978 proceeding. The record shows otherwise.

By the time the termination petition was filed and heard in 1980, Wanda was represented by Northern New Mexico Legal Services, Inc. The time, however, for appealing the judgment in the neglect hearing had long passed. Nevertheless, her attorney raised her claim of deprivation of due process at the neglect proceeding, which judgment underlay the petition for and decree of termination, at the earliest possible moment after learning of the Department's intention to rely on the neglect decree to relieve Wanda of her parental rights. *See Territory v. Lobato*, 17 N.M. 666, 134 P. 222 (1913).

■ Whereas constitutional rights may be waived, *In re Investigation No. 2, etc.*, 93 N.M. 525, 602 P.2d 622 (1979), New Mexico has consistently defined "waiver" as the intentional abandonment of a known right. *Wells Fargo Bank v. Dax*, 93 N.M. 738, 605 P.2d 245 (Ct.App.1979), and cases there cited. Our courts have repeatedly said that waiver of a right must be knowingly and intelligently made to be effective. *See, e. g., State v. Rascon*, 89 N.M. 254, 550 P.2d 266 (1976). The Sixth Amendment right to counsel was discussed in *Rascon*; the analysis centered on the statutory scheme for providing counsel and the stage of proceedings when the right applied. Unlike the situation in *Rascon*, this is not a criminal proceeding and we are not concerned with the claimed right to consult with an attorney prior to the institution of criminal proceedings for which counsel is provided by the statute. We read *Rascon* to hold, however, that waiver of a right created by the constitution or a statute must be done intelligently and knowingly if the right is to be denied the one claiming it. The right which Respondent claims was denied to her was one provided by court-promulgated rules and by statutes in a special statutory proceeding, and she was to be advised of that right "at each appearance."

Since Wanda Perlman was not informed that she was entitled to an attorney and that one might be obtained for her if she could not afford to pay for one, she hardly could intelligently waive rights of which she was not aware. *State v. Jamison*, 251 Or. 114, 444 P.2d 15 (1968). The record belies any "knowing," "intelligent" waiver in this case. The subsequent agreement of Respondent to extend custody in the Department is not sufficient to constitute estoppel to raise this constitutional claim. *Compare Vickers v. North American Land Dev. Inc.*, 94 N.M. 65, 607 P.2d 603 (1980).

The nature of the parental right has been characterized as a "liberty" protected by the due process clause of the Fourteenth Amendment. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed.2d 1042 (1923). *See also In re David B.*, 154 Cal.Rptr. 63, 91 Cal.App.3d 184 (1979), and *In re Welfare of Luscier*, 84 Wash.2d 135, 524 P.2d 906 (1974). The procedural protections for adjudications of neglect, implemented by the New Mexico Supreme Court in its rules, are responsive to the safeguards guaranteed by the due process clause. *Matter of Paul X.*, 393 N.Y.S.2d 1005, 57 A.D.2d 216 (1977). Disregard of the rules requiring notification to Respondent of her right to counsel at the initial hearing was a denial of due process. The subsequent decree of neglect which deprived appellant of custody of her child was therefore void. *Compare In re Downs*, 82 N.M. 319, 481 P.2d 107 (1971) (non-compliance with statutory procedure in Delinquent Children article was reversible error).

A decree thereafter terminating Wanda's parental rights, based upon findings and conclusions related to the void neglect decree, cannot stand. The court's findings and conclusions, indicative of past neglect and projected personality disorders in the future on Wanda's part, include the language of § 40–7–4 B(3), (1979 Supp.), but none of the findings indicate that a new or current finding of neglect was considered, requested, or made in the termination proceeding. The petition to terminate, itself, was grounded on the allegations that the child "has been adjudicated a neglected child" and that the termination request was "ancillary" to the neglect proceeding. The termination decree, therefore, resting upon an invalid neglect adjudication, must be set aside.

The Department did not respond to Respondent-Appellant's claim that she was denied constitutionally guaranteed equal protection of the laws but, in view of our holding that there was a failure of due process, we need not decide that issue.

The other two points raised by Respondent-Appellant are not meritorious. Evidence of the child's statements to witnesses were admissible as exceptions to the hearsay rule, N.M.R.Evid. 803(1), (3), and (24), and there was no error committed in allowing them. Wanda's attack on Finding 15 did not set forth the substance of *all* of the timely evidence going to the finding. Thus we do not discuss that point on appeal, N.M.R.App.P. (Civil) 9(d), N.M.S.A.1978, beyond noting that the other findings referred to in the court's Finding 15, and Finding 15 itself, are insufficient to fully establish the facts required by § 40–7–4 B(3) or (4) to support termination, absent a timely and valid neglect hearing.

The judgment terminating Respondent's parental rights is reversed. The matter is remanded for proceedings consistent with this opinion. Respondent shall recover her costs on appeal.

It is so ordered.

HERNANDEZ, C. J., and LOPEZ, J., concur.